464 So.2d 869 (1985)
STATE of Louisiana
v.
Paul A. BLUNT.
No. KA 2369.
Court of Appeal of Louisiana, Fourth Circuit.
February 12, 1985.
*870 William J. Guste, Jr., Atty. Gen., Barbara B. Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Beryl M. McSmith, Julia Coley, Asst. Dist. Attys., New Orleans, for the State.
Elizabeth Cole, Supervising Atty., New Orleans, for defendant.
Before REDMANN, C.J., and GULOTTA and WILLIAMS, JJ.
REDMANN, Chief Judge.
Defendant's appeal from his sentence for second offense simple robbery, La.R.S. 14:65 and 15:529.1, complains that he was improperly sentenced as a second offender and that, in any case, his ten-year sentence was excessive.
We find the ten-year sentence not unconstitutionally excessive. Defense counsel argues defendant is not among the worst of offenders and therefore does not deserve so long a sentence. The maximum under R.S. 15:529.1 is 14 years, and the minimum is two and a third years. Thus ten years is closer to the middle of that range, eight and a sixth years, than to the maximum of 14 years. The trial judge noted that defendant committed this offense just six months after he was placed on probation for the similar offense of purse snatching; that he joined with four other young men to take necklaces by force from a young woman (noting that the purse snatching was from a woman). The trial judge expressly considered individually all of the statutory factors affecting sentencing, and we cannot say that the medium-length ten-year sentence he imposed was excessive.
We do respond to defendant's complaint that, in the course of explaining his sentence, the judge recited an untrue statement alleged to have been made by defendant on the day of his conviction to a deputy sheriff assigned to the court. The judge stated that the deputy told him that defendant said that he didn't take the victim's necklaces because, had he done so, he "would have beat her ass," and that he "`was coming back like [his] brother,' who is supposedly serving in Angola [penitentiary] right now for some serious crimes." When defense counsel interjected that defendant "wants to say to the court that he didn't make [that] statement," the judge put the deputy on the stand and the deputy testified that defendant did make that statement. In brief defendant asserts he does not even have a brother, and that the trial judge (after sentencing) declined to *871 allow defendant's mother to so testify. We find no reversible error there. The trial judge recited that statement by defendant not for its truth but for its revelation of defendant's attitude. It is not material that defendant has no brother.
We must remand, however, for another hearing on the sentencing as a second offender. At the sentencing hearing the state did not introduce a transcript of the earlier plea of guilty. It introduced a form signed by defendant and initialed at every space for indicating understanding of each right ceded by his plea. It also introduced what claims to be but on its face is not a minute entry of what occurred at the time of the plea.
That "minute entry" on its face is not a true minute entry because it is a pre-fabricated, fill-in-the-blanks form (with blanks only for the defendant's and his lawyer's names, and h's intended to be but here not completed to read "his" or "her"). That "minute entry" is a count of chickens before they hatch; its pre-fabrication makes it no more a "contemporaneous record," as required by State v. Lewis, 367 So.2d 1155 (La.1979), than was "Dewey Defeats Truman."
The Louisiana supreme court has held, in Lewis and State v. Holden, 375 So.2d 1372 (La.1979), and repeated in State v. Bolton, 379 So.2d 722 (La.1979), that a guilty-plea, rights-waiver form executed by defendant, although complete in every detail, is insufficient without minutes or transcript of a colloquy between judge and defendant showing the knowing and voluntary waiver required by Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).
We therefore must remand for another sentencing hearing on the second offender charge at which the state may introduce the transcript of the Boykin colloquy at the earlier guilty plea or contemporaneously-prepared minutes thereof; State v. Holden, above.
Conditionally affirmed; remanded.