521 So.2d 511 (1988)
STATE of Louisiana,
v.
Patrick ABRAHAM.
No. KA-7728.
Court of Appeal of Louisiana, Fourth Circuit.
February 10, 1988.
*512 M. Craig Colwart, Orleans Indigent Defender Program, New Orleans, for defendant, Patrick Abraham.
Harry F. Connick, Dist. Atty., A. Hammond Scott, Asst. Dist. Atty., New Orleans, for plaintiff, State of La.
Before BYRNES, WARD and WILLIAMS, JJ.
WARD, Judge.
Patrick Abraham contests his adjudication as a multiple offender.
On December 3, 1985, Abraham was charged with theft of goods valued at more than $500.00, a violation of La.R.S. 14:67. After a trial by jury he was found guilty as charged and, on July 28, 1986, was sentenced to six years at hard labor. The Trial Court granted Abraham's written motion for appeal and signed the order of appeal on the day of sentencing. While Abraham's appeal was pending the State filed a bill of information on July 21, 1987 charging that Abraham was a multiple offender. On July 31, 1987, the Trial Court denied Abraham's motion to quash the multiple bill, found Abraham a multiple offender, vacated the original sentence and resentenced Abraham to ten years at hard labor.
In his appeal, Abraham assigns error to the Trial Court's refusal to quash the multiple bill. We affirm.
Abraham first argues that the Trial Court was without jurisdiction to adjudicate him a multiple offender after the order of appeal was entered. At the time Abraham was originally sentenced and an order for appeal was granted, La.C.Cr.P. art. 916 divested the Trial Courts of jurisdiction over multiple bill hearings following entry of an order of appeal. Although La.C.Cr.P. art. 916 was amended to provide that Trial Courts retain jurisdiction over multiple bill proceedings even after an order of appeal is entered, and even though the amendment took effect after Abraham's motion for appeal was granted, the Louisiana Supreme Court, in State v. Abbott, 508 So.2d 80 (La.1987), held that the amendment is retroactive. Thus, the Trial Court had jurisdiction to sentence Abraham as a multiple offender.
Abraham's second argument is that the multiple bill of information, filed almost one year after the date of original sentencing, should be quashed because the State unreasonably delayed filing it. Although the multiple offender statute, La.R.S. 15:529.1(D), does not set a specific period of time in which a multiple bill must be filed, jurisprudence requires the State to file a multiple bill within a reasonable time after it becomes known that the defendant has a prior felony record. State v. Broussard, 416 So.2d 109 (La.1982).
In its brief, the State explains the delay by asserting that after the order of appeal was entered (July 28, 1986) and until the Louisiana Supreme Court decided the Abbott case (June 19, 1987), it believed the *513 Trial Court was without jurisdiction. This explanation is sufficient to excuse the entire one year delay for the filing of the multiple bill. The law was unclear as to whether the amendment of Article 916 applied retroactively to Abraham. Before the effective date of the amendment, the Trial Court was divested of jurisdiction and could not have heard a multiple offender charge against Abraham. After the amendment, while the State could have pursued a multiple bill despite a pending appeal, it justifiably did not do so in Abraham's case because the applicability of the amendment to Abraham's situation was undecided. It was not clear that the amendment would be applied retroactively until Abbott was decided by our Supreme Court. One month after the Abbott decision settled the retroactivity question, the State filed a multiple bill.
Thus, the State's twelve month delay in filing the multiple bill after Abraham was originally sentenced was reasonable. The delay was sufficiently explained by the State's difficulty in locating the court reporter as well as by the unsettled applicability of the amendment allowing multiple bill proceedings to be pursued notwithstanding the entry of an order for appeal. Accordingly, Abraham's conviction and his multiple offender sentence are affirmed.
AFFIRMED.