560 So.2d 530 (1990)
STATE of Louisiana
v.
Todd J. LONGO.
No. 89 KA 0821.
Court of Appeal of Louisiana, First Circuit.
April 10, 1990.
*531 William R. Campbell, Jr., New Orleans, Willie Broome, Asst. Dist. Atty., Covington, for appellee.
Wendell E. Tanner, Slidell, for appellant.
Before COVINGTON, C.J., and WATKINS and SHORTESS, JJ.
SHORTESS, Judge.
Todd J. Longo (defendant) was charged by bill of information with operating a motor vehicle while intoxicated, third offense. LSA-R.S. 14:98. See LSA-R.S. 14:98D (imposing a sentence of at least six months' imprisonment at hard labor without benefit of probation, parole, or suspension of sentence.) He pled not guilty and filed a motion to quash the bill of information and/or to suppress the state's use of the two predicate convictions set forth in the bill. The trial court denied the motion. Thereafter, defendant withdrew his plea of not guilty and pled guilty as charged, reserving the right to appeal the adverse ruling. See State v. Crosby, 338 So.2d 584 (La.1976). The trial court sentenced defendant to one year "with the Department of Corrections" and ordered that six months be served in the parish jail without benefit of probation, parole, or suspension of sentence. The court suspended the remaining six months of the sentence and placed defendant on supervised probation for two years subject to general and certain specified conditions.[1] Defendant appeals, alleging in a single assignment of error that the trial court erred by denying his motion to quash and/or suppress on the sole basis that the guilty pleas to the predicate offense were invalid as not having been entered in accordance with the guidelines in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).[2]
In order for a misdemeanor guilty plea to be used as a basis for actual imprisonment, enhancement of actual imprisonment, or conversion of a subsequent misdemeanor into a felony, the trial judge must inform the defendant that by pleading guilty he waives (a) his privilege against compulsory self-incrimination, (b) his right to trial and jury trial where it is applicable, *532 and (c) his right to confront his accuser. The trial judge must also ascertain that the accused understands what the plea connotes and its consequences. State v. Jones, 404 So.2d 1192, 1196 (La.1981).
It is the state's burden to show that the defendant's plea was taken in compliance with Boykin's requirement that the defendant expressly and knowingly waived his rights. State v. Santiago, 416 So.2d 524, 525 (La.1982). The state may rely upon either the transcript of the plea of guilty or the minute entry. State v. Bland, 419 So.2d 1227, 1232 (La.1982). While the colloquy between the judge and defendant is the preferred method of proof of a free and voluntary waiver, the colloquy is not indispensible when the record contains some other affirmative showing of proper waiver. State v. Nuccio, 454 So.2d 93, 104 (La.1984).
A trial judge has a duty to determine that the defendant is expressly and knowingly waiving his constitutional rights in entering his plea. See State v. Godejohn, 425 So.2d 750, 751 (La.1983); State v. Williams, 384 So.2d 779, 781-82 (La.1980). To satisfy the requirements of Boykin, there must be an affirmative showing in the record that the accused at the time he entered his guilty plea knowingly and voluntarily waived his constitutional privileges against self-incrimination, and of right to trial by jury and right to confront his accuser. See State v. Jones, 404 So.2d 1192, 1196 (La.1981). Contrary to defendant's assertions in brief, Boykin only requires that a defendant be informed of the three rights enumerated above; the jurisprudence has not expanded the requirements of Boykin by requiring that a defendant be informed by a court, prior to the court's acceptance of a guilty plea, that such a plea may be used as a predicate in a future enhancement proceeding. See Nuccio, 454 So.2d at 104; State v. Wright, 517 So.2d 458, 460 (La.App. 1st Cir.1987), writ denied, 522 So.2d 1093 (La.1988).
The two prior convictions relied upon by the state to enhance the instant offense are set forth in the bill of information, as follows:
(1) A January 29, 1987, guilty plea to D.W.I. in Slidell City Court bearing docket number 23640X.
(2) An October 8, 1987, guilty plea to D.W.I. in the Twenty-Second Judicial District Court bearing docket number 164203.
The record reflects that, on January 11, 1989, the trial court conducted a hearing on defendant's motion to quash this bill of information and/or to suppress the state's use of the two predicate convictions set forth above. At the hearing, defendant introduced exhibits D-1 through D-3 into evidence. The state did not introduce any evidence. D-1 consisted of a transcript of the plea of guilty as to the October 8, 1987, predicate conviction. D-2 is a letter dated January 10, 1989, to defense counsel from the Clerk of the Slidell City Court, confirming that the clerk's office was unable to furnish defense counsel a transcript of the plea of guilty because the tape recording of the proceeding could not be located. D-3 pertained only to the January 29, 1987, predicate conviction and consists of the following: the bill of information, an "extract of minute entry" corresponding to the January 29, 1987, guilty plea, and a waiver of rights form purportedly signed by defendant.
During the hearing, the prosecutor informed the trial court that he had been informed that the clerk of court's office of the Slidell City Court had located the tape recording of the January 29, 1987, Boykin proceeding and that a transcript of the tape was being prepared. The trial court stated that it would give the state a week to supplement the record with the transcript[3] and that it was taking defendant's motion under advisement. Thereafter, on February 17, 1989, the trial court denied the motion.
As to the October 8, 1987, predicate conviction, the transcript of the plea of guilty *533 shows that the trial court fully advised defendant of each of his Boykin rights and that defendant knowingly waived those rights.
In regard to the January 29, 1987, predicate conviction, the "extract of minute entry" recites, in pertinent part, the following:
The defendant being present in open Court represented/unrepresented by counsel, being charged with driving while intoxicated and his right to representation by an attorney, right to trial, right to appeal, right against self-incrimination, right to confront his accusers and that subsequent convictions could result in greater penalties having been fully explained to him by the Court, the Court having questioned the defendant as to his understanding of said rights and the Court being satisfied that defendant understood said rights, defendant having signed a waiver or (sic) attorney and rights form, filed herein, after reading to him the Bill of Information charging him with unlawfully did operate (sic) a motor vehicle while under the influence of alcoholic beverages, in violation of R.S. 14:98, this being a first offense, and the Court being satisfied that the defendant is fully aware of his rights accepted the plea of guilty ...
In addition to striking the word "represented" and supplying the word "first" in the blank space in the quoted excerpt of the "extract of minute entry," we note that other pertinent information, including defendant's name and age, have been filled in at blank spaces in the remaining portion of the "extract of minute entry" not quoted in this opinion.
The guilty plea-rights waiver form pertaining to the January 29, 1987, predicate conviction is not dated but bears the appropriate docket number of the predicate conviction, purports to include defendant's signature (undated), and recites that defendant was advised of each of his Boykin rights and that defendant understood those rights.
Citing State v. Blunt, 464 So.2d 869 (La.App. 4th Cir.1985), defendant argues that the "extract of minute entry" is preprinted and pre-fabricated and, thus, does not constitute a contemporaneous record of the predicate proceeding. Additionally, citing State v. Verrett, 536 So.2d 808 (La. App. 1st Cir.1988), defendant submits that the guilty plea-rights waiver form does not constitute a well-executed waiver of rights form because the form is not dated. We agree that the "extract of minute entry" does not constitute a contemporaneous record for the reasons which follow.
In our view, under circumstances such as those presently before us, wherein a transcript of the plea of guilty is not introduced in evidence, the state may not rely upon a pre-typed, pre-printed, or otherwise pre-fabricated fill-in-the-blank extract of the minutes of the court in which a predicate conviction occurred to prove a valid and knowing waiver of constitutional rights, because such an extract is not a true minute entry, i.e., a contemporaneous record of the prior proceeding. See State v. Blunt, 464 So.2d at 871. Instead, a copy of the actual minute entry itself must be introduced to prove advice of and a valid waiver of Boykin rights. Thus (because a copy of the actual minute entry was not introduced in this case), even were we to assume arguendo that the guilty plearights waiver form constituted a well-executed waiver of rights form, the waiver of rights form standing alone would not have established defendant's valid and knowing waiver of constitutional rights as to the January 29, 1987, predicate D.W.I. conviction. See State v. Baker, 471 So.2d 945, 948 (La.App. 2d Cir.1985). Hence, the trial court should have granted defendant's motion, in part, by quashing the use of the January 29, 1987, predicate conviction to enhance the instant offense.
For the reasons stated, defendant's guilty plea is set aside, and his sentence is reversed. This case is remanded to the trial court for further proceedings in accordance with the views expressed herein. Since the guilty plea and sentence are vacated, the state is not precluded from introducing further evidence at a new hearing on the motion to quash and/or suppress *534 which might cure the defects noted herein. See State v. Carson, 527 So.2d 1018, 1021 (La.App. 1st Cir.1988).
REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.
NOTES
[1] The specified conditions of defendant's probation were that defendant enroll in a driver improvement program and a substance abuse clinic, each of which enrollments was to be successfully completed during the probationary period, and that defendant pay a $500.00 fine, court costs, and $250.00 to the Indigent Defender Fund.
[2] In brief, defendant briefed an additional argument which exceeds the scope of his only formally assigned error and, thus, constitutes an argument not formally assigned as error. That argument alleges that the uncounseled guilty pleas to D.W.I. (the predicate convictions) cannot be used to enhance the instant offense absent a knowing and intelligent waiver of counsel and a showing in the record that the court (which accepted each of the uncounseled guilty pleas) attempted to determine defendant's literacy, competency, understanding, and volition before accepting the respective waiver of counsel. Hence, in accord with the well-established jurisprudence of the Louisiana Supreme Court under the provisions of LSA-C.Cr.P. arts. 844 and 920, this Court will not consider any argument (such as the additional argument set forth above) which is neither assigned as error nor related to error patent on the face of the record. See State v. Spears, 350 So.2d 603, 605 n. 1 (La.1977); State v. Overton, 337 So.2d 1201, 1207 (La.1976).
[3] We note that in a June 20, 1989, letter from the Clerk of the district court to the office of the Clerk of this Court, our clerk's office was informed that the "transcript" could not be located.