WALTZER, Judge.
Before PLOTKIN, JONES and WALTZER, JJ.
Freddy L. Thornton was charged on March 1, 1991, by bill of information with a violation of LSA-R.S. 40:967(B)(1), possession with intent to distribute cocaine. On April 10, 1991, he was tried and found guilty; he was sentenced on April 24, 1991, to serve ten years at hard labor. He appealed his sentence as excessive in case no. 91-KA-0995, and this court affirmed his conviction and sentence. While that appeal was pending, a multiple bill hearing was held, and the defendant was found to be a multiple offender; his original sentence was vacated, and he was sentenced to serve ten years at hard labor. He now appeals from the multiple bill sentence, arguing that the trial court erred in allowing a five month delay in the filing of the bill and in finding him to be a second offender based on insufficient documentary evidence.
The State argues that the Uniform Rules — Courts of Appeal, Rule 5-7 provides for the dismissal of such an appeal. Rule 5-7(e) states:
A successive application which alleges a new claim that was inexcusably omitted from a prior application may be dismissed.
The State maintains that the defendant should have raised this assignment of error in his prior appeal. However, the defendant filed his earlier appeal on May 21, 1991, four weeks after being sentenced. Because he was not multiple billed until September 23, 1991, four months after his appeal was lodged in this court, obviously he could not raise any issues as to the multiple bill. Furthermore, Louisiana Code of Criminal Procedure art. 912.1 provides that a defendant may appeal a judgment which imposes a new sentence. State v. Lewis, 350 So.2d 1197 (La.1977).
In his first assignment of error, the defendant contends that the district attorney erred in filing an untimely multiple offender bill against him. He was originally sentenced on April 24, 1991. On September 23,1991, five months later, the State filed a multiple bill, and on October 24, 1991, a hearing was held.
The habitual offender law, La.R.S. 15:529.1(D), provides in part: “If, at any time, either after conviction or sentence, it shall appear that a person convicted of a felony has previously been convicted of (another) felony,” the defendant may be charged as a multiple offender. The statute does not provide a prescriptive period; however, the Louisiana Supreme Court has held that the habitual offender bill must be filed within a “reasonable time” after the prosecution knows of defendant’s prior felony record. State v. Broussard, 416 So.2d 109, 110-111 (La.1982). In reviewing the jurisprudence, the courts of this state have looked to the particular circumstances of each case when deciding whether the multiple bill was timely filed.
In State v. Thompson, 539 So.2d 1008 (La.App. 4th Cir.1989) writ den., 544 So.2d 399 (La.1989), this court found that 4 months was not an unreasonable delay. In State v. Miskell, 538 So.2d 1055 (La.App. 4th Cir.1989), writ den., 542 So.2d 6 (La.1989), this court likewise found that 9 *921 months was not an unreasonable delay. In both State v. Abraham, 521 So.2d 511 (La.App. 4th Cir.1988) and State v. Ross, 542 So.2d 631 (La.App. 5th Cir.1989), the respective appellate courts found that one year was not an unreasonable delay. We do not find that the State’s five months delay in filing was unreasonable.
The defendant also argues that the trial court erred in adjudicating him a multiple offender on the evidence presented. The State offered into evidence a prior bill of information, a docket master, a minute entry, and an arrest register. The defense objects that the “pre-printed, pre-fabricat-ed, pre-typed, fill-in the blank type” minute entry offered without a transcript of the colloquy or a plea form is insufficient proof that the defendant was Boykinized. The defense further maintains that the minute entry is not a “contemporaneous record of the prior proceeding” as mandated by jurisprudence. State v. Blunt, 464 So.2d 869 (La.App. 4th Cir.1985); State v. Longo, 560 So.2d 530 (La.App. 1st Cir.1990).
In order for there to be a knowing and voluntary waiver of constitutional rights in a guilty plea, the defendant must be informed of his privilege against self-incrimination, the right to a jury trial, and the right to confront one’s accusers. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). Although the colloquy between the trial court and the defendant is the preferred evidence proving the defendant knowingly and voluntarily waived his rights by pleading guilty, it is not indispensable when the record contains other evidence of a proper waiver. State v. Nuccio, 454 So.2d 93 (La.1984); State v. Kelly, 524 So.2d 123 (La.App. 4th Cir.1988), writ denied 531 So.2d 262 (La.1988).
The minute entry of the defendant’s guilty plea and sentencing hearing states:
The Defendant appeared before the bar of the Court attended by counsel, OIDP and through counsel entered a plea of guilty as charged. The Court interrogated the defendant as to the right to have a trial by jury, the right to face his accusers, the right against self-incrimination and the right to an appeal and the defendant answered in the affirmative and announced to the Court he understood the rights set before him. The Court ordered the plea recorded. Defendant, through counsel, waived all legal delays, and requested immediate sentencing. The court sentenced the defendant to: 2 YEARS INACTIVE PROBATION REPORTING CONDITIONED [sic] WAIVED.
This minute entry, unlike those in State v. Blunt, supra, and State v. Longo, supra, reflects a full Boykin inquiry and the assistance of counsel. In Blunt, supra, the minute entry was a form with blank spaces only for the defendant’s and his attorney’s names. In Longo, the minute entry had blank spaces for the defendant’s name, age, and the number of the offense. In the case at bar, the minute entry shows no evidence of being pre-fabricated or pre-printed, and appears to be “a contemporaneous record of a Boykin examination.” State v. Lewis, supra at 1160.
This situation falls under State v. Bland, 419 So.2d 1227 (La.1982), where the court found that when the defendant did not challenge the accuracy of the minute entry and a full Boykinization was reflected in the minute entry, the minute entry was sufficient proof that the defendant knowingly and voluntarily waived his Boykin rights. In the case at bar as in State v. Bland, the defendant challenged only the sufficiency of the evidence. Similarly, this Court held that a minute entry of the guilty plea to a prior offense was sufficient to prove full Boykinization in a situation where neither a transcript nor a plea form was introduced. State v. Dawson, 560 So.2d 593 (La.App. 4th Cir.1990). Thus, we find no merit in the defendant’s argument that the minute entry was insufficient proof of Boykinization.
For reasons discussed, the defendant’s sentence is affirmed.
AFFIRMED.