620 So.2d 475 (1993)
STATE of Louisiana
v.
John V. WILLIAMS, Jr.
No. 92-KA-2079.
Court of Appeal of Louisiana, Fourth Circuit.
June 15, 1993.
Harry F. Connick, Dist. Atty., Robyn C. Gulledge, Asst. Dist. Atty., New Orleans, for plaintiff/appellee.
Sherry Watters, Orleans Indigent Defender Program, New Orleans, for defendant/appellant.
Before SCHOTT, BARRY and JONES, JJ.
BARRY, Judge.
The defendant pled guilty to possession of crack cocaine (La.R.S. 40:967) and was *476 sentenced on August 19, 1991 to forty months at hard labor. On August 27, 1991 the State filed a multiple bill of information alleging the defendant was a third offender. The multiple bill charged that on April 11, 1985 the defendant pled guilty to simple burglary (case # 303-149 "H") and on December 13, 1983 he was found guilty of simple robbery (case # 298-569 "A"). On September 12, 1991 the trial court found the defendant not guilty on the multiple bill.
On February 17, 1992 and March 4, 1992 the State moved to set a second multiple bill hearing. At a hearing on March 20, 1992 the State filed a second multiple bill which differed from the first bill in that the offense in # 298-569 "A" was purse snatching rather than simple robbery. The defendant's motion to quash the multiple bill was denied. The State submitted certified copies of the two previous convictions and a "pen pack" which contained pertinent information on both predicate offenses. The defendant pled guilty to the multiple bill and was re-sentenced to forty months at hard labor.
The first assignment of error claims the motion to quash the multiple bill should have been granted based on the first ruling that he was not a multiple offender and the State did not file an application for writ or appeal. The defendant also complains that the State waited more than five months after the first multiple bill was dismissed before it filed the second multiple bill.
The Habitual Offender Law (La.R.S. 15:529.1) does not specify a time limit to file a bill of information; however, it must be filed within a "reasonable time" after the prosecutor learns of the defendant's felony record. State v. Broussard, 416 So.2d 109, 110-111 (La.1982).
The defendant relies on Broussard which held that 13 months after a defendant is sentenced amounts to an unreasonable delay. In Broussard the defendant had been released on parole prior to the multiple bill hearing and the State offered no justification for the delay.
Courts look to the circumstances of each case to determine whether a multiple bill was filed timely. In State v. Thornton, 599 So.2d 919 (La.App. 4th Cir.1992), the defendant was sentenced to ten years at hard labor on April 24, 1991. On September 23, 1991 the State filed a multiple bill and a hearing was held on October 24, 1991. The five-month interval was found reasonable.
In State v. Miskell, 538 So.2d 1055 (La. App. 4th Cir.1989), writ denied, 542 So.2d 6 (La.1989), the defendant was sentenced to seven years at hard labor. Immediately after sentencing the State filed a multiple bill and the defendant acknowledged that he was a multiple offender. The defendant was re-sentenced to ten years at hard labor. This Court affirmed the conviction but reversed the multiple offender sentence and remanded. The State filed a second multiple bill nine months after remand. This Court held that the defendant was not prejudiced and the prompt filing of the first multiple bill showed that the delay was not malicious.
In State v. Patterson, 459 So.2d 714 (La. App. 4th Cir.1984), a three-month delay was reasonable where the receipt of documents and preparation of the transcript caused the delay.
Here, the State alleges that the five-onth delay was partially caused because it had to secure a "pen pack" from the Department of Corrections. The State received the documents on December 10, 1991 and requested a hearing on February 17, 1992 and again on March 4, 1992. The second multiple bill hearing was held on March 20, 1992.
Based on Thornton a five-month delay is not unreasonable. In Patterson and here the State was delayed because of the wait for documents. As in Miskell, the prompt filing of the first multiple bill showed that the delay was not malicious. At the original sentencing defendant here was sentenced to forty months. He was adjudicated as a multiple offender well within the forty month period. He has demonstrated no prejudice from the delay.
The defendant's second assignment of error alleges that the Habitual Offender *477 Law, La.R.S. 15:529.1, violates constitutional provisions regarding separation of powers and due process. Specifically, the defendant contends that the Habitual Offender Law, as interpreted by this Court in State v. Dean, 588 So.2d 708, 709 (La.App. 4th Cir.1991), writ denied, 595 So.2d 652 (La.1992), reconsideration denied, 597 So.2d 1021 (La.1992) and State v. McFarland, 578 So.2d 1014, 1015-16 (La.App. 4th Cir.1991), violates the doctrine of separation of powers because the district attorney, as part of the executive branch of government, has the sole discretion to determine whether a defendant will be sentenced as a multiple offender.
Filing a multiple bill is a sentencing procedure and not a separate or new prosecution. State v. Dean, 588 So.2d at 709. The defendant notes that, "one of the traditional, inherent and exclusive powers of the judiciary is the power to sentence." State v. LeCompte, 406 So.2d 1300, 1311 (La. 1981), writ denied, 446 So.2d 314 (La.1984). State v. McFarland, 578 So.2d at 1016 holds that the discretion to charge a defendant under the habitual offender law is within the discretion of the district attorney. In State v. Dean, 588 So.2d at 709, this Court stated that:
[T]he trial court has no discretion to find a defendant not guilty of being a habitual offender where the State produced adequate evidence to prove its accusation. Nor does the trial court have discretion to find a defendant only guilty of being a second or third offender where the State accused the defendant of having been convicted a greater number of times and produced adequate evidence to prove the accusation.
State v. Dean, 588 So.2d at 709, placed limits on the trial court's sentencing discretion. However, we noted that such a limitation could be equated to other legislatively imposed limits such as minimum and mandatory prison sentences and fines; obligatory deprivation of the usual rights to parole, probation or suspension of sentence; and compliance with the sentencing guidelines of La.C.Cr.P. art. 894.1.
La.R.S. 15:529.1 can and should be interpreted to uphold its constitutionality. See State v. Griffin, 495 So.2d 1306, 1308 (La.1986). Although the district attorney has the sole discretion to determine whether the defendant will be charged as a multiple offender, that authority does not usurp the power of the judiciary to sentence. The Habitual Offender Law does not strip the trial court of its judicial discretion to sentence within appropriate sentencing ranges. An appellate court may reduce a sentence that is unconstitutionally excessive, even though within the statutory guidelines. La. Const. Art. I, Section 20; State v. Brogdon, 457 So.2d 616 (La.1984), cert. denied, Brogdon v. Louisiana, 471 U.S. 1111, 105 S.Ct. 2345, 85 L.Ed.2d 862 (1985); State v. Caston, 477 So.2d 868 (La. App. 4th Cir.1985).
The Habitual Offender Law does not violate the separation of powers doctrine in the Louisiana Constitution. La. Const. Art. II, Section 2.
The defendant's claim that the multiple bill statute violates due process is based on the arbitrary nature of the district attorney's discretion. This argument has been consistently rejected. State v. Badon, 338 So.2d 665, 670 (La.1976); State v. Hawkins, 508 So.2d 925, 926 (La.App. 4th Cir. 1987).
Defendant's sentence is affirmed.
AFFIRMED.
JONES, J., concurs in part and dissents in part.
JONES, Judge, concurring in part and dissenting in part.
I concur with the majority in affirming the conviction of the defendant; however, I do not agree that La.R.S. 15:529.1 is constitutional. Furthermore, this issue is currently pending before our Supreme Court, where the question will be resolved.