KLEES, Judge.
On January 24, 1992, the defendant, John Ross, was charged with simple burglary of an automobile. At his arraignment on January 28, 1992, the defendant pled not guilty. After a trial on the merits on April 7, 1992, the defendant was found guilty as charged. On June 3, 1992, the state filed a multiple bill of information to which the defendant pled not guilty. A hearing on the multiple bill was held on August 31, 1992. The trial court found the defendant to be a third offender and sentenced him to ten years at hard labor with credit for time served. On the same day, the defendant filed a motion for appeal which was granted by the trial court.
Officer Joseph Bouvier of the New Orleans Police Department testified that he was on patrol in the area of the Superdome in New Orleans on January 1, 1992 during the Sugar Bowl football game. As he approached a parking lot on the corner of Baronne and Lafayette Streets, he heard glass shatter. He then saw a man inside a car who got out of the car and slumped to the ground. By the time, Officer Bouvier got out of his car and walked towards the parking lot, the man was gone. However, he saw the man at the corner and radioed other officers who stopped the man. At trial, the officer identified the defendant as the man he saw inside the vehicle.
When the defendant was apprehended, three pair of sunglasses, a pair of gloves, a flashlight and batteries were seized from him. After defendant’s arrest, the defendant was taken to his apartment, which was one block from the parking lot. The officer denied that any evidence was taken from the defendant’s apartment.
Jessie Brannen, the owner of the car whose window was broken, identified a pair of the sunglasses which were seized from the defendant as belonging to him. Brannen stated that the sunglasses had been left in the glove compartment of the car while they attended the football game.
The defendant denied any involvement in the incident. He stated that he had just left his apartment to go to work when he was stopped by the officers. The defendant testified that the officers had seized some sunglasses and tapes from his apartment.

Errors Patent

A review of the record reveals that the trial court, when it sentenced the defendant under the multiple bill, failed to state that the sentence was to be served without benefit of probation or suspension of sentence as required by R.S. 15:529.1(G). However, the court did not suspend any portion of the sentence nor grant the defendant probation so the issue may be moot. In any *286 event, on appeal this Court will not correct eiTors favorable to a defendant where the issue is not raised by the State. State v. Fraser, 484 So.2d 122 (La.1986).
Defendant, in his only assignment of error, contends that his sentence imposed under the multiple offender statute is illegal as the statute is unconstitutional. This issue will be addressed below.

Assignment of Error No. 1

In his only assignment of error the defendant argues that the multiple offender statute is unconstitutional as it violates the separation of powers doctrine enunciated in the Louisiana Constitution, and violates due process and equal protection guarantees. The defendant contends that the statute allows the district attorney, as a part of the executive branch, to invade the sentencing powers reserved to the judiciary.
These issues were specifically addressed in State v. Williams, 620 So.2d 475 (La.App. 4th Cir.1993). A panel of this court concluded that the Habitual Offender Law does not violate the separation of powers doctrine in the Louisiana Constitution or due process and equal protection guarantees.
Additionally, our Supreme Court in State v. Dorthey, 623 So.2d 1276 (La.1993) concluded that the Habitual Offender Statute L.S.A.-R.S. 15:529.1 is not unconstitutional. This assignment is without merit.
Accordingly, the conviction and sentence of defendant John H. Ross is affirmed

AFFIRMED.