735 So.2d 837 (1999)
STATE of Louisiana
v.
Michael WALKER.
No. 98-KA-1410.
Court of Appeal of Louisiana, Fourth Circuit.
May 12, 1999.
*838 Harry F. Connick, District Attorney, Theresa Tamburo, Assistant District Attorney, Orleans Parish, New Orleans, Louisiana, Counsel for Plaintiff/Appellee.
Yvonne Chalker, Louisiana Appellate Project, New Orleans, Louisiana, Counsel for Defendant/Appellant.
Court composed of Judge JOAN BERNARD ARMSTRONG, Judge JAMES F. McKAY, III and Judge MICHAEL E. KIRBY.
ARMSTRONG, Judge.
The defendant, Michael Walker, was charged by bill of information on September 25, 1995, with illegal possession of a stolen automobile worth more than $500, a violation of La. R.S. 14:69(A). At his arraignment on October 31, 1995, he pleaded not guilty. However, on November 14, the defendant withdrew his earlier plea and entered a plea of guilty as charged. He was sentenced on January 16, 1996, to serve five years; the sentence was suspended, and he was placed on five years of active, supervised probation subject to special conditions. His probation was revoked on October 30, 1997; he was sentenced to five years at hard labor with credit for time served, and the sentence is to run concurrently with any other sentence the defendant is serving. The State noted its intention to file a multiple bill at that hearing.
On March 16, 1998, the State filed a multiple bill charging the defendant as a second felony offender. He pleaded guilty to the multiple bill after having been fully advised of the State's burden of proof and of his right to confront and cross-examine witnesses against him, his right to call witnesses in his own behalf, his right to appeal, his right to remain silent, his rights against self-incrimination and his right not to testify should he have to go to trial. The trial court found him to be a second felony offender and sentenced him *839 under La. R.S. 15:529.1 to serve five years at hard labor in the Department of Corrections with credit for any time served in connection with this case.
The defendant now makes two assignments of error. First, he argues that the trial court erred in not advising him of his right to remain silent prior to his admission that he was the same person convicted of the prior offense. Next, the defendant maintains that the six-month delay in the filing of the multiple bill was untimely.

FIRST ASSIGNMENT:
The defendant argues that the trial court erred in not informing him of his right to remain silent before accepting his guilty plea to the multiple bill.
Courts in Louisiana have consistently held that a trial court must advise a defendant of his right to a hearing at which the State is required to prove the allegations of the multiple bill, and of his right to remain silent.
La. R.S. 15:529.1(D) provides for the procedure at a multiple bill hearing; it states:
(1)(a) If, at any time, either after conviction or sentence, it shall appear that a person convicted of a felony has previously been convicted of a felony under the laws of this state ... the district attorney of the parish in which subsequent conviction was had may file an information accusing the person of a previous conviction.... Whereupon the court in which the subsequent conviction was had shall cause the person, whether confined in prison or otherwise, to be brought before it and shall inform him of the allegation contained in the information and of his right to be tried as to the truth thereof according to law and shall require the offender to say whether the allegations are true.
(3) When the judge finds that he has been convicted of a prior felony ... or if he acknowledges ... in open court, after being duly cautioned as to his rights, that he has been so convicted or adjudicated, the court shall sentence him to the punishment prescribed in this Section, and shall vacate the previous sentence already imposed....
Thus, before accepting a defendant's admission that he is a multiple offender, the trial judge must specifically advise the defendant of his right to a formal hearing and to have the State prove its case. State v. Johnson, 432 So.2d 815, 817 (La.1983), appeal after remand, 457 So.2d 1251, appeal after remand, 471 So.2d 1041; State v. Amos, 550 So.2d 272, 277 (La.App. 4th Cir.1989); State v. Vincent, 439 So.2d 1124, 1127 (La.App. 4th Cir. 1983), writ denied, 472 So.2d 913 (La. 1985). The trial judge must also advise the defendant of his right to remain silent. State v. Johnson, 94-1170 (La.App. 4th Cir. 8/23/95), 660 So.2d 942, 949, writ denied, 666 So.2d 1092 (La.1996), State v. DiBartolo, 94-1170 (La.App. 4th Cir. 8/28/95), 660 So.2d 942, writ denied, 666 So.2d 1105 (La.1996).
At the sentencing hearing, the following colloquy occurred:
THE COURT:
Let the record reflect the State has filed a multiple offender bill of information alleging Michael Walker, also known as Johnnel Marshall, is one and the same person who has a prior felony conviction for the charge of possession of cocaine in November of 1994 in Division C of the 34th Judicial District Court for the parish of St. Bernard.
* * *
Mr. Walker, you understand what Mr. Blair [the defense attorney] has indicated to me on your behalf, that you are one and the same person who has a previous felony conviction for the charge of possession of cocaine in St. Bernard parish to which you pled guilty in November 1994; is that correct?
THE DEFENDANT:
Yes, your Honor.
THE COURT:

*840 Do you understand you do not have to admit that? You have the right to a hearing whereby the State must prove to me that you are, in fact, the same person who has this previous felony conviction. By admitting to this you give up your right to a hearing, and you give up your right to appeal this aspect of your case only. Do you understand that?
THE DEFENDANT:
Yes, your Honor.
THE COURT:
Do you understand by law the minimum sentence I must give you is imprisonment for not less than five years; the maximum sentence is imprisonment at hard labor for not more than 20 years by admitting to this. Do you understand that?
THE DEFENDANT:
Yes.
THE COURT:
Do you understand by admitting to this you give up other constitutional rights? You give up your right to confront and cross-examine those witnesses who accuse you of this, you give up your right to compulsory process or to subpoena witnesses, and you give up a privilege that you have against self-incrimination by admitting to this. Do you understand those rights?
THE DEFENDANT:
Yes.
THE COURT:
Has anybody forced you or threatened you or intimidated you in any way in order to get you to admit to this?
THE DEFENDANT:
No.
THE COURT:
Has anybody promised you anything in order to get you to admit this?
THE DEFENDANT:
No.
THE COURT:
Are you admitting to this because you are, in fact, the same man that has this previous felony conviction?
THE DEFENDANT:
Yes, your Honor.
The defendant cites this dialogue as proof that the judge did not advise the defendant of his right to remain silent prior to his admission of identity. However, we find that the trial judge did specifically advise the defendant of his right to remain silent in this dialogue prior to the defendant's acknowledging his guilt.[1] The trial court's carefully chosen words indicate that the defendant's admission was in progress during the dialogue. Furthermore, after the quoted dialogue, the judge said,
With regard to the identification the Court finds that Michael Walker has knowingly, intelligently, freely, and voluntarily waived his constitutional rights and admitted to being one and the same person who has a prior felony conviction.
Then the trial court examined the documents from the prior conviction and pronounced them "good and sufficient.". Thus, the record indicates that the defendant was advised that he was relinquishing his privilege against self-incrimination before the trial court accepted his plea and found him to be multiple offender. The trial court followed the procedure set out in La. *841 R.S. 15:529.1(D), and there is no merit in this assignment.

SECOND ASSIGNMENT:
The defendant complains that the State filed an untimely multiple bill against the defendant. When the defendant was originally sentenced and received probation on January 16, 1996, the State did not file a bill. Only after his probation was revoked on October 30, 1997, did the State announce it would fill a multiple bill. On March 16, 1998, the bill was filed, and the defendant was sentenced as a second offender.
The multiple offender statute, La. R.S. 15:529.1(D), does not provide a time period in which a multiple bill should be filed and the matter adjudicated except to note that a defendant may be charged as a multiple offender if "at any time, either after conviction or sentence, it shall appear that a person convicted of a felony has previously been convicted" of another felony. In State v. Broussard, 416 So.2d 109, 110 (La.1982), the Supreme Court noted that although La. R.S. 15:529.1 does not provide a time limitation, a multiple bill must be filed within a reasonable time after the State learns that a defendant has a prior felony conviction. The Court stated:
The same considerations which underlie the constitutional right to a speedy trial compel a conclusion that upon conviction a defendant is entitled to know the full consequences of the verdict within a reasonable time. Since the enhancement of penalty provision is incidental to the latest conviction, the proceeding to sentence under the provision should not be unduly delayed.
Id., p. 110-111.
The jurisprudence reveals that delays in filing multiple bills ranging from three months to twelve months have been reviewed by this Court. The particular circumstances of each case were considered in determining if the delay was reasonable. In most cases, the State provided adequate reasons for the delay. See, State v. Williams, 92-2079 (La.App. 4th Cir. 6/15/93), 620 So.2d 475, writ denied, 629 So.2d 344 (La.1993); State v. Thornton, 92-0239 (La.App. 4th Cir. 5/28/92), 599 So.2d 919; State v. Roberts, 90-1830 (La. App. 4th Cir. 11/29/91), 588 So.2d 759, writ denied, 591 So.2d 707 (La.1992); State v. Noel, 91-1283 (La.App. 4th Cir. 8/29/91), 585 So.2d 652; State v. Abraham, 521 So.2d 511 (La.App. 4th Cir.1988); State v. Patterson, 459 So.2d 714 (La.App. 4th Cir. 1984).
In the instant case, the State gave the defendant notice at the revocation of his probation that a multiple bill of information would be filed. At the revocation hearing, the defendant was placed in the About Face Program in Orleans Parish Prison, and when he was re-sentenced as a second offender, he was allowed to continue that program. The defendant had not been expecting an early release prior to the delayed multiple bill hearing, and he was not prejudiced by the delay. Although nothing in the record indicates why the six-month delay occurred, we find the delay was not unreasonable.
This assignment of error is without merit.
For the foregoing reasons, the defendant's convictions, multiple offender adjudication, and sentences are affirmed.
AFFIRMED.
NOTES
[1] In a grammarian's terms, when the judge says "by admitting to this" he uses the present progressive tense indicating the defendant is involved in "some activity in progress, something not finished, or something continuing." Muriel Harris, Prentice Hall Reference Guide to Grammar and Usage sec. 1c (1991). When the judge asked if the defendant has been influenced by anyone "to get you to admit to this," he is using an infinitive form of the verb, but one without person, number, or tense; in other words, `a verb form not functioning as a verb or action word. The judge did not say "you admitted to the prior convictions" which is past tense and would indicate that the action is completed. The action described in this dialogue is continuing in the present.