326 So.2d 332 (1976)
STATE of Louisiana
v.
James C. BERNARD.
No. 56878.
Supreme Court of Louisiana.
January 19, 1976.
Fredric Hayes, Inc., Fredric G. Hayes, P.C., Lafayette, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., J. Nathan Stansbury, Dist. Atty., Thomas Robert Shelton, Asst. Dist. Atty., for plaintiff-appellee.
SUMMERS, Justice.
A bill of information dated September 12, 1973 charged that James C. Bernard committed armed robbery on August 22, 1973. He was tried before a jury, found guilty as charged and sentenced to serve a term of 22 years at hard labor.
On the day of the trial, before the charge and defendant's plea were read to *333 the jury, the State moved to file a notice of intent to introduce prior convictions. The notice set forth that the State would, if appropriate, offer to introduce into evidence, on cross-examination of the defendant, or as rebuttal, proof of twelve prior convictions, if those convictions were denied by the defendant on cross-examination or if necessary to contradict by way of rebuttal. Two of these convictions, simple burglary and contributing to the delinquency of a minor, were felonies in 1971 at the time of the guilty pleas, while the other ten, simple criminal damage to property, were either felonies or misdemeanors, depending upon the amount of the damage involved. The record does not disclose all the details. We are therefore left to infer whether the simple damage to property charges are misdemeanors or felonies.
Defense counsel objected to the filing of the notice, asserting that defendant was not represented by counsel at the time of those convictions, and did not formally waive the right to an attorney. He then moved for the introduction in evidence of the original court records showing the nature of the charges and the fact that the defendant was unrepresented by counsel. The objection was overruled. Thereafter the notice was filed in which the prior convictions, all guilty pleas, were listed by docket numbers, date of plea, type of offense, and the sentence imposed.
During the trial defendant took the stand in his own behalf, denied the robbery and gave an alibi as a defense. On crossexamination by the State, he was asked if he had ever been convicted of anything. He replied, "Yes sir, a bunch of crimes. I didn't know what they was. I just pleaded guilty and they gave me three (3) months." He was then asked specifically whether he pled guilty to the twelve convictions referred to in the notice previously filed over defense objection. He admitted each guilty plea. The record of the convictions were not offered or introduced into evidence.[1]
Decisions of the United States Supreme Court mandate the reversal of this conviction and sentence. Under principles announced by that Court it was error for the trial judge to deny defense counsel an opportunity to prove that at the prior convictions defendant was not represented by counsel and did not waive the benefit of counsel.
In Loper v. Beto, 405 U.S. 473, 92 S.Ct. 1014, 31 L.Ed.2d 374 (1972), an almost identical case, the issue presented was framed in this manner: "Does the use of prior, void convictions for impeachment purposes deprive a criminal defendant of due process of law where their use might well have influenced the outcome of the case."
Louisiana's rule of evidence permits the use of prior convictions for the purpose of impeaching the credibility of the witness. But before evidence of such former conviction can be adduced from any other source than the witness whose credibility is to be impeached, he must have been questioned on cross-examination as to such conviction, and have failed distinctly to admit the same. La.R.S. 15:495.
It is evident, therefore, that the State's attorney relied upon this statutory rule in his effort to get the evidence of prior convictions before the jury.
However, it is a clear and simple constitutional rule announced in Gideon v. Wainwright, 372 U.S. 335, 83 S.Ct. 792, 9 *334 L.Ed.2d 799 (1963), that in the absence of a waiver, a felony conviction is invalid if it was obtained in a court that denied the defendant the help of a lawyer. The constitutional rule is wholly retroactive. Pickelsimer v. Wainwright, 375 U.S. 2, 84 S.Ct. 80, 11 L.Ed.2d 41 (1963).
A sequel to the decision in Gideon v. Wainwright was the subject of the Court's adjudication in Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967). There the Court said:
"To permit a conviction obtained in violation of Gideon v. Wainwright to be used against a person either to support guilt or enhance punishment for another offense . . . is to erode the principle of that case. Worse yet, since the defect in the prior conviction was denial of the right to counsel, the accused in effect suffers anew from the deprivation of that . . . right." 389 U.S. at 115, 88 S.Ct. at 262.
In Loper v. Beto, supra, after considering these propositions, the Court decided:
"Unless Burgett is to be forsaken, the conclusion is inescapable that the use of convictions constitutionally invalid under Gideon v. Wainwright to impeach a defendant's credibility deprives him of due process of law. We can put the matter no better than in the words of the Court of Appeals for the First Circuit:
"We conclude that the Burgett rule against use of uncounseled convictions "to prove guilt" was intended to prohibit their use "to impeach credibility," for the obvious purpose and likely effect of impeaching the defendant's credibility is to imply, if not prove, guilt. Even if such prohibition was not originally contemplated, we fail to discern any distinction which would allow such invalid convictions to be used to impeach credibility. The absence of counsel impairs the reliability of such convictions just as much when used to impeach as when used as direct proof of guilt.' Gilday v. Scafati, 428 F.2d 1027, 1029." 405 U.S. at 483, 92 S.Ct. at 1019.
Accordingly, the Supreme Court held that use for impeachment purposes of prior convictions which are void for failure to afford defendant his right to counsel deprives a criminal defendant of due process of law where the use of such prior convictions might well have influenced the outcome of the case. This same result would follow where misdemeanors were involved under Argersinger v. Hamlin, 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530 (1972), and our decisions in State v. Guillotte, 297 So.2d 423 (La.1974), and City of Monroe v. Fincher, 305 So.2d 108 (La.1974).[2]
In the case at bar there is no doubt that defendant was entitled to show that the prior convictions were uncounseled, either because he was indigent or because the courts denied his right to counsel of his choice. Further, he was entitled to show that he did not waive his right to counsel. It was error for the trial judge to deny him that right. The problem under the facts of the case, however, is whether filing the notice of intention to use prior convictions in the record, listing the twelve offenses, together with questioning defendant in the presence of the jury and compelling him to admit to these convictions can properly bring this case within the harmless error rule. La.Code Crim.Proc. Art. 921. It is the Court's judgment that this was not harmless error.
Although the question is only an evidentiary one, the sole purpose for which the prior convictions were used was to destroy Bernard's credibility. Undoubtedly the admission of twelve prior convictions impaired Bernard's credibility in the minds of the jury as a witness in his own behalf. Without credible testimony on his part, his defense was without substance. In our *335 opinion Bernard's admission of twelve prior convictions influenced, and contributed substantially to, the jury's finding of guilt.
The constitutional principles announced in Loper v. Beto, supra, are such that when they apply to the facts of a case, the State may not avail itself of the statute which permits the introduction of prior convictions in order to attack the witnesses' credibility. La.R.S. 15:495. For a statute of the State cannot prevail against constitutional rights declared by the United States Supreme Court.
For the reasons assigned, the conviction is reversed and the sentence is set aside. Defendant is granted a new trial.
NOTES
[1] After oral argument in this Court and submission of the case, defense counsel filed an ex parte motion to permit the filing of a certified copy of a minute entry relating to these convictions, which the author of this opinion improvidently granted. This minute entry was not evidence upon which the judgment was based, La.Const. Art. I, § 19 (1974); to the contrary, it was evidence which was excluded. Nor was it part of the "record" which we are authorized to designate for purposes of review. La.Code Crim.Proc. art. 845. The minute entry was moreover evidence which the State had no opportunity to rebut.
[2] The author of this decision, however, adheres to his dissent in City of Monroe v. Fincher, 305 So.2d 108 (1974).