379 So.2d 721 (1979)
STATE of Louisiana
v.
Lindy ROLAND et al.
No. 65729.
Supreme Court of Louisiana.
November 1, 1979.
PER CURIAM.
Defendant Lindy Roland has been charged by bill of information with several counts of armed robbery in violation of La.R.S. 14:64. Prior to trial, pursuant to defense motion, the court ordered the state to produce proof that defendant's prior convictions conformed to the requirements of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) and State v. Lewis, 367 So.2d 1155 (La.1979), before the convictions could be used to impeach the credibility of defendant on cross-examination. The state objected to the ruling and filed an application for writs with this Court. Upon review of the state's application and the opposition filed on behalf of defendant, we conclude that the ruling of the trial court must be reversed.
Louisiana's rules of evidence permit use of prior convictions for the purpose of impeaching the credibility of witnesses, including criminal defendants. La.R.S. 15:495. However, the use for the impeachment purposes of a prior conviction void for failure to afford defendant his right to counsel, or otherwise so involuntary that the reliability of the conviction is impaired, deprives an accused of due process of law. Loper v. Beto, 405 U.S. 473, 92 S.Ct. 1014, 31 L.Ed.2d 374 (1972); Burgett v. Texas, 389 U.S. 109, 88 S.Ct. 258, 19 L.Ed.2d 319 (1967); State v. Bernard, 326 So.2d 332 (La.1976). Cf. Mincey v. Arizona, 437 U.S. 385, 98 S.Ct. 2408, 37 L.Ed.2d 290 (1978); Harris v. New York, 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971). The burden of proof rests with the defendant. See Loper v. Beto, supra; State v. Bernard, supra.
Our recent decisions in State v. Lewis, supra, and State v. Holden, 375 So.2d 1372 (La.1979), relative to the use of prior convictions to enhance subsequent penalties, were not intended to change the rules of law applicable to impeachment nor to shift any burden of proof in such situations to the state. Accordingly, the ruling of the trial court requiring the state to lay a predicate prior to the use of prior convictions for impeachment purposes is reversed and set aside. However, upon remand the defendant shall be afforded an opportunity to establish the inadmissibility of any prior convictions.
For the reasons assigned the writ is granted and the case is remanded to the trial court for further proceedings.