619 So.2d 1144 (1993)
STATE of Louisiana
v.
Richard E. LADNER, Jr.
No. 92 KA 1244.
Court of Appeal of Louisiana, First Circuit.
May 28, 1993.
*1146 William R. Campbell, Jr., New Orleans, for State of La.
Pamela Hershey, Asst. Dist. Atty., Covington, for appellee.
Wendell E. Tanner, Slidell, for appellant.
Before LOTTINGER, C.J., and FOIL and FOGG, JJ.
LOTTINGER, Chief Judge.
Richard E. Ladner, Jr., was charged by bill of information with fourth offense driving while intoxicated (DWI). La.R.S. 14:98. He pleaded not guilty and, after trial by jury, was found guilty as charged. The defendant received a sentence of twenty years at hard labor. He has appealed, alleging three assignments of error, as follows:
1. The trial court erred in allowing two prior D.W.I. guilty pleas to be used as predicate convictions for enhancement of the instant offense.
2. The trial court erred in allowing the prosecutor to impeach the defendant with a prior D.W.I. conviction from Slidell City Court which was subsequently quashed due to an improper advice of Boykin rights.
3. The trial court erred in imposing an excessive sentence.

FACTS
At approximately 10:45 A.M. on July 20, 1991, the defendant, who was driving his mother's car, was involved in a minor traffic accident near the Northshore Mall in Slidell. While approaching an intersection, the defendant ran into the back of a vehicle driven by Darryl Guy. Although Mr. Guy observed the defendant's vehicle in his rearview mirror and accelerated in order to avoid the accident, he was unable to prevent the collision. After the accident, Mr. Guy exited his vehicle and went to talk to the defendant. The defendant acted as if he were unaware of the accident and threatened to drive away. Mr. Guy reached inside the defendant's vehicle, put it in park, and turned off the ignition. When the defendant exited his car, he stumbled. Mr. Guy noticed that the defendant smelled of alcohol.
The first police officer at the scene, Slidell Police Detective Tim Culotta, was forced to physically restrain the defendant when he became combative, used racial slurs, and actually lunged toward Mr. Guy. When Slidell Police Officer William McInnis arrived at the accident scene, he immediately suspected the defendant of DWI because the defendant smelled of alcohol and was unable to pass a field sobriety test. He arrested the defendant and took him to the Slidell Police Department, where the defendant was videotaped failing another field sobriety test and refusing to take a breath test.

ASSIGNMENT OF ERROR NO. ONE
In this assignment of error, the defendant contends that the trial court erred in overruling his objection to the use of two predicate DWI convictions. Specifically, he argues that he was not informed of the right to court-appointed counsel and, therefore, these two predicate guilty pleas were improperly used to enhance the instant fourth offense DWI conviction.
La.Code Crim.P. art. 514 provides:
The minutes of the court must show either that the defendant was represented by counsel or that he was informed by the court of the defendant's right to counsel, including the right to court-appointed counsel, and that he waived such right. (Emphasis added).
In order to use a prior DWI guilty plea to enhance the penalty of a subsequent DWI conviction, the State must affirmatively prove that, in entering the prior guilty plea, the defendant was either represented by counsel or knowingly and intelligently *1147 waived his right to representation by counsel. State v. Strain, 573 So.2d 517, 519 (La.App. 1st Cir.1990), aff'd, 585 So.2d 540 (La.1991).
In the instant case, the defendant admits that he was represented by counsel when he entered these two predicate guilty pleas.[1] However, he raises the apparently novel argument that every defendant who decides to enter a guilty plea must be informed of the right to counsel, including the right to court-appointed counsel for indigents, even if he already is represented by counsel. The defendant specifically argues that he should have been informed of "the right to a court appointed [sic] attorney for purposes of appeal should appellant had [sic] elected to go to trial." Yet, the defendant has not cited, nor have we discovered, any authority for such a proposition. Furthermore, in his collateral attack upon the validity of these two predicate guilty pleas, the defendant does not now allege that he actually was indigent when he entered these guilty pleas, that he might have been indigent at some point during or after trial (thus entitling him to court-appointed counsel on appeal), or that he might not have pleaded guilty to these predicate offenses if he had been informed of the right to court-appointed counsel if he was indigent. Accordingly, noting that the defendant was represented by counsel when he entered these two prior guilty pleas, we find no merit to his argument that these predicate convictions were rendered invalid for future enhancement purposes simply because the trial court did not inform him of the right to court-appointed counsel. Therefore, the trial court's ruling, which allowed these two prior guilty pleas to be introduced into evidence as predicate convictions enhancing the grade of the instant offense, was correct.
This assignment of error is meritless.

ASSIGNMENT OF ERROR NO. TWO
In this assignment of error, the defendant contends that the trial court erred in overruling his objection to the prosecutor's use, for impeachment purposes, of a Slidell City Court DWI conviction. The defendant argues that a conviction based upon the violation of a municipal ordinance cannot be used for impeachment purposes. He also argues that, because this Slidell City Court DWI conviction had been quashed (allegedly due to an improper or defective waiver of Boykin rights) as a predicate DWI conviction in a previous, unrelated criminal proceeding, the prosecutor should not have been allowed by the trial court to impeach the defendant's credibility by questioning him about this particular conviction.
In a criminal case, every witness, by testifying, subjects himself to examination relative to his criminal convictions. La. Code of Evidence art. 609.1A. Impeachment of a witness by evidence of the witness's conviction of a municipal offense is not permitted because a municipal offense is not a "crime." See State v. Ramos, 390 So.2d 1262, 1264 (La.1980). See also State v. Harrison, 541 So.2d 252, 255 (La.App. 4th Cir.), reversed on other grounds, 553 So.2d 422 (La.1989). Cf. State v. Johnson, 446 So.2d 1371, 1374 n. 3 (La.App. 1st Cir.), writ denied, 449 So.2d 1347 (La.1984).
In argument between the prosecutor and defense counsel concerning the instant objection to the Slidell City Court DWI conviction, the prosecutor apparently conceded that the conviction had been quashed for use as a predicate conviction in a previous, unrelated criminal proceeding. However, apart from this concession by the prosecutor and the defendant's subsequent testimonial admission of this conviction, no other evidence of this conviction was introduced at trial or proffered for review by this Court. Accordingly, we are unable to determine whether or not the Slidell City Court DWI conviction was based upon a violation of La.R.S. 14:98 or a local ordinance. Of course, if the Slidell City Court DWI conviction was based on a violation of La.R.S. 14:98, the trial court's ruling was correct. On the other hand, if this conviction *1148 was based upon the defendant's violation of a local ordinance, a determination of whether or not such a violation was a "criminal conviction" for purposes of Article 609.1 would be required, since the jurisprudence on this issue was based upon former La.R.S. 15:495. Nevertheless, we find that any error on this issue was waived by the defendant, since he failed to introduce or proffer the necessary documentary evidence to establish the origin of the Slidell City Court DWI conviction.
Concerning the defendant's argument that this Slidell City Court DWI conviction was invalid for use as impeachment evidence because it previously had been quashed as a predicate conviction due to an invalid Boykin waiver, we again note that the defendant waived any error by failing to either introduce at trial or proffer for appellate review sufficient documentary evidence to establish the alleged Boykin defect. There is no doubt that prior convictions in which a defendant was not afforded the right to counsel are invalid for impeachment purposes. State v. Bernard, 326 So.2d 332, 334 (La.1976). Arguably, an invalid Boykin waiver might render such a conviction invalid for subsequent impeachment purposes if the defendant established that the conviction was so involuntary that its reliability was impaired. See State v. Roland, 379 So.2d 721 (La.1979). Nevertheless, the burden of proving such invalidity for impeachment purposes clearly rests with the defendant. State v. Roland.
The evidence of the defendant's guilt was substantial, if not overwhelming. Furthermore, the defendant's credibility already had been impeached by the three predicate DWI convictions which were properly introduced into evidence. Under these circumstances, even assuming, arguendo, that the trial court erred in overruling the defendant's objection to the use of the Slidell City Court DWI conviction for impeachment purposes, we find that such error did not affect any substantial rights of the defendant and, therefore, was harmless beyond a reasonable doubt. See La. Code of Evidence art. 103A; La.Code Crim.P. art. 921. See and compare State v. Tassin, 536 So.2d 402, 409 (La.1988), cert. denied, 493 U.S. 874, 110 S.Ct. 205, 107 L.Ed.2d 159 (1989); State v. Connor, 403 So.2d 678, 680 (La.1981); State v. Anderson, 440 So.2d 205, 212 (La.App. 3rd Cir.1983), writ denied, 444 So.2d 1241 (La. 1984).
For the above reasons, this assignment of error is meritless.

ASSIGNMENT OF ERROR NO. THREE
In this assignment of error, the defendant contends that the trial court erred in imposing an excessive sentence.
The Code of Criminal Procedure sets forth items which must be considered by the trial court before imposing sentence. La.Code Crim.P. art. 894.1 (prior to its amendment by Act 22, Sec. 1, of 1991).[2] The trial court need not recite the entire checklist of Article 894.1, but the record must reflect that it adequately considered the guidelines. State v. Herrin, 562 So.2d 1, 11 (La.App. 1st Cir.), writ denied, 565 So.2d 942 (La.1990). In light of the criteria expressed in Article 894.1, a review for individual excessiveness should consider the circumstances of the crime and the trial court's stated reasons and factual basis for its sentencing decision. State v. Watkins, 532 So.2d 1182, 1186 (La.App. 1st Cir.1988).
Although a sentence falls within statutory limits, it may be excessive. State v. Sepulvado, 367 So.2d 762, 767 (La.1979). However, the trial court has great discretion in imposing a sentence within the statutory limits; and such a sentence will not be set aside as excessive in the absence of manifest abuse of discretion. State v. Latiolais, 563 So.2d 469, 473 (La.App. 1st Cir.1990).
Before imposing sentence, the trial court reviewed the presentence investigation report, which indicated that the defendant *1149 had a lengthy record of misdemeanor arrests and convictions in addition to the three predicate DWI convictions. The court found no provocation for the commission of the instant offense and stated that the defendant had not yet accepted responsibility for his actions. It concluded that the defendant's inability to respond to probation in the past was a clear indicator of recidivism. The trial court noted that the defendant had had more than adequate opportunity in the past to seek help for his drinking problem, yet he failed to do so. The court found it a fortunate circumstance that the defendant's total lack of concern for the safety of himself and others had not resulted in someone being injured or killed. Finally, the trial court concluded that the defendant was in need of correctional treatment and stated that any lesser sentence would deprecate the seriousness of the offense. Our review of the sentencing transcript indicates that the trial court thoroughly complied with the Article 894.1 guidelines.
For his conviction of fourth offense DWI, the defendant was exposed to a minimum sentence of ten years at hard labor and a maximum sentence of thirty years at hard labor. See La.R.S. 14:98E (prior to its amendment by Act 83, § 1, of 1991). The defendant received a sentence of twenty years at hard labor, which was in the middle of the sentencing scale. Considering the circumstances of the instant offense, the defendant's criminal record, and the reasons for sentencing given by the trial court, we conclude that the instant sentence is not excessive.
This assignment of error is meritless.

PATENT SENTENCING ERROR
We note the following patent sentencing error. Neither the minutes nor the sentencing transcript show that the trial court, in imposing this sentence, gave the defendant credit for time spent in actual custody prior to sentencing. Such an allowance of credit is mandatory. La.Code Crim.P. art. 880. Accordingly, we find patent sentencing error and amend the sentence to reflect that the defendant is to be given credit for time served, if any, prior to the execution of his sentence. See State v. King, 604 So.2d 661, 670 (La.App. 1st Cir. 1992). Resentencing is not required; however, we remand this case and order the district court to amend the commitment and minute entry of the sentence to reflect that the defendant is given credit for time served.
CONVICTION AFFIRMED, SENTENCE AFFIRMED AS AMENDED, AND REMANDED WITH ORDER.
NOTES
[1] The defendant does not contest the validity of a third DWI guilty plea also used herein as a predicate conviction for enhancement of the instant offense.
[2] The defendant was sentenced on December 20, 1991, prior to the effective date of the new sentencing guidelines (January 1, 1992).