672 So.2d 295 (1996)
STATE of Louisiana
v.
Sammy FRITCHER.
No. 95 KA 0124.
Court of Appeal of Louisiana, First Circuit.
April 4, 1996.
Walter P. Reed, Covington, William P. Campbell, Jr., New Orleans, for Plaintiff/Appellee, State of Louisiana.
P. David Carollo, Slidell, for Defendant/Appellant, Sammy Fritcher.
Before CARTER and PITCHER, JJ., and CRAIN[1], J. Pro Tem.
*296 CARTER, Judge.

FACTS
On January 24, 1994, defendant, Sammy Fritcher, was charged by bill of information with third offense driving while intoxicated (DWI), a violation of LSA-R.S. 14:98. Defendant previously had pled guilty to first offense and second offense DWI on August 14, 1992, and October 14, 1993, respectively.
On June 22, 1994, defendant filed a motion to quash the bill of information charging him with third offense DWI. In the motion, defendant contended that the August 14, 1992, guilty plea could not be used to enhance his sentence because the plea was made without the assistance of counsel and he did not knowingly and intelligently waive his right to counsel prior to pleading guilty.
On October 20, 1994, the trial court denied defendant's motion to quash. Defendant then entered a plea of guilty under the provisions of State v. Crosby, 338 So.2d 584 (La. 1976), reserving his right to appeal the trial court's ruling on the motion to quash. The trial court accepted defendant's guilty plea and sentenced him to serve a term of eighteen (18) months at hard labor, six (6) months to be served without benefit of probation, parole, or suspension of sentence. The remaining twelve (12) months of defendant's sentence were suspended, and defendant was placed on probation for a period of two (2) years, fined $800.00 and costs, and was required to attend a substance abuse program. The court deferred the execution of defendant's sentence until the conclusion of the appeal.
Defendant appealed, assigning as error the trial court's denial of his motion to quash.

WAIVER OF RIGHT TO COUNSEL
Defendant contends that the trial court erred in denying his motion to quash the bill of information charging him with third offense DWI. Defendant reasons that the motion should have been granted on the grounds that his first offense guilty plea, entered on August 14, 1992, could not be used for enhancement purposes as that plea was made without assistance of counsel and because defendant did not knowingly and intelligently waive the right to counsel.
The state has the burden of showing that the defendant's plea was taken in compliance with the requirement of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), that the defendant expressly and knowingly waived his rights. State v. Santiago, 416 So.2d 524, 526 (La. 1982). To meet this burden of proof, the state may rely on either the transcript of the plea or the minute entry. State v. Bland, 419 So.2d 1227, 1232 (La.1982). The colloquy between the judge and defendant is the preferred method of proof of a free and voluntary waiver, but the colloquy is not indispensable when the record contains some other affirmative showing of proper waiver. State v. Nuccio, 454 So.2d 93, 104 (La.1984).
Additionally, when an accused waives his right to counsel in pleading guilty to a misdemeanor, the trial judge should expressly advise him of his right to counsel and to appointed counsel if he is indigent. The judge should further determine on the record that the waiver is made knowingly and intelligently under the circumstances. Factors bearing on the validity of this determination include the age, education, experience, background, competency, and conduct of the accused, as well as the nature, complexity, and seriousness of the charge. State v. Strain, 585 So.2d 540, 543-44 (La.1991). See State v. Bond, 94-509 (La.App. 5th Cir. 1/31/95); 650 So.2d 354, 356; State v. Penson, 630 So.2d 274, 277 (La.App. 1st Cir.1993); State v. Ladner, 619 So.2d 1144, 1146-47 (La.App. 1st Cir.), writ denied, 625 So.2d 1059 (La.1993); and State v. Morris, 619 So.2d 184, 186 (La. App. 3rd Cir.1993).
The critical issue on review of the waiver of the right to counsel is whether the accused understood the waiver. What the accused understood is determined in terms of the entire record and not just by certain magic words used by the judge. State v. Strain, 585 So.2d at 543. See State v. Bowick, 403 So.2d 673, 675 (La.1981).[2]
*297 In the instant case, the transcript of the August 14, 1992, Boykin hearing reveals that the trial judge questioned defendant along with several other defendants. The judge directly questioned defendant as follows:
Q. Mr. Fletcher (sic)?
A. Sammy Fretcher (sic), Jr., 4817 Magnolia Drive, Slidell, Louisiana, grade sixth, can't read, can't write.
Q. How far did you go in school?
A. Sixth grade.
Q. You cannot write any?
A. No.
Q. Do you have a job?
A. Yeah, I own my own business, a stucco company. I got a secretary to take care of my paper work.
Q. All right, sir.
The trial judge then advised all defendants of the nature and consequences of the charges against them. The trial judge advised those charged with DWI, including defendant, as follows:
In connection with those of you who are pleading guilty to a DWI, I will also advise you of the possible consequences that you could receive for either pleading guilty or being found guilty, not only of a first offense DWI, but also for a second, third and fourth offense DWI, and the reason for that is because the penalties for a second offense are greater than a first, the penalties for a third offense are greater than a second, and the penalties for a fourth offense are greater than a third offense.... In other words, the penalties are enhanced; so you must be advised of what would happen to you if you got a second or third or fourth offense of a DWI.... I will also advise you of your constitutional rights, and listen to what I have to say carefully about your constitutional rights, because I want to be sure that you understand them and if you don't understand anything that I'm telling you through this colloquy, I want you to stop me and then I will explain these matters to you further. Is everyone with me so far?
The transcript notes that "[a]ll defendants respond in the affirmative." The judge then went on to explain the crime of driving while intoxicated and the punishments associated therewith. All defendants, including defendant, responded in the affirmative when asked whether they understood the crime and potential punishments.
With regard to their constitutional rights, the trial judge advised the defendants as follows:
Each of you have certain constitutional rights. All of you have a right to hire a lawyer of your choice to represent you, and if you could not afford to hire one, one would be appointed to represent you free of charge. So is there anybody here that wants a lawyer?
The transcript indicates that "[a]ll defendants respond in the negative." The judge then advised the defendants of their other rights: to be tried in open court by a judge (no right to jury trial because these are all misdemeanor charges), to confront witnesses, to subpoena witnesses, to invoke the privilege against self-incrimination, to appeal if convicted, and to have a lawyer on appeal (either hired or appointed). The judge then stated as follows:
Now I want each and every one of you to understand that by pleading guilty, you are admitting that you've committed the crime with which you're charged, because you have in truth and in fact committed it, and you'll be waiving and giving up all of these constitutional rights that I've just discussed with you. Is everyone with me?
The transcript notes that "[a]ll defendants respond in the affirmative or have no response." When asked whether they understood the possible penalties associated with the crimes with which they were charged, the defendants responded in the affirmative or had no response. When asked whether they understood their constitutional rights, all defendants responded in the affirmative. When asked whether they had any questions *298 regarding their rights, the defendants had no response. The trial judge then stated: "I take it by your silence that no one has any questions, is that correct?" All defendants responded in the affirmative or had no response.
Prior to the defendants' pleading, the court asked: "Do each one of you wish to waive and give up your constitutional rights in this case and to plead guilty because you have in truth and in fact committed the crime with which you are charged, and I have to have an answer from you?" All defendants, including defendant, responded in the affirmative. Subsequently, defendant, along with twenty-one other defendants, pled guilty to first offense DWI. The court then indicated as follows:
All right. The Court finds that each of the defendants understand the nature of the crime. The Court has reviewed the records and finds that there is a factual basis for each of the pleas, and that they are made freely and voluntarily and, therefore, the pleas are accepted.
After reviewing the Boykin transcript of defendant's first offense DWI guilty plea, it is clear that the trial judge began the colloquy by asking defendant direct questions about his general competency. The trial judge learned that, although defendant had only a sixth grade education and could not read or write, he owned his own business. Although defendant indicated that he had a secretary to handle all of the paperwork, it could be inferred that defendant made all of the business decisions and ran the company himself. Using this information, along with his observation of defendant's demeanor in answering the questions, the trial judge was able to assess the extent of inquiry necessary to determine whether defendant's waiver of the right to counsel and his guilty plea were knowingly and intelligently made. The judge then advised defendant of the nature and consequences of the DWI charge, and defendant responded that he understood the charge and potential punishment. The judge asked whether each defendant wished to waive his constitutional rights and plead guilty because he committed the crime with which he was charged, and defendant responded in the affirmative. When specifically asked whether anyone desired a lawyer, defendant responded negatively. After the judge explained the rights that each defendant would be giving up by pleading guilty, defendant either answered that he understood or had no response. When the judge asked if they understood their constitutional rights, the defendants responded affirmatively. When the judge asked if there were any questions, defendant did not ask a question. Defendant then entered a plea of guilty.
As previously indicated, the critical issue on review is whether, based on the entire record, defendant understood the waiver of his right to counsel. See State v. Strain, 585 So.2d at 543. We conclude that the trial judge adequately determined that defendant's waiver of the right to counsel at his guilty plea to the predicate offense was made knowingly and intelligently. As a result, we find that the motion to quash was properly denied.

CONCLUSION
For the foregoing reasons, the judgment of the trial court, denying defendant's motion to quash, is affirmed.
CONVICTION AND SENTENCE AFFIRMED.
NOTES
[1] Judge Hillary J. Crain, retired, is serving as judge pro tempore, by special appointment of the Louisiana Supreme Court.
[2] In State v. Bowick, 403 So.2d 673, 675 (La. 1981), the court, in the context of reviewing the validity of a guilty plea, noted that the decision in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), did not establish any magic word formula, but simply rejected any presumption of the validity of a guilty plea.