743 So.2d 224 (1999)
STATE of Louisiana
v.
Marco LASTRAPES.
No. 99-83.
Court of Appeal of Louisiana, Third Circuit.
June 30, 1999.
*225 Donald J. Richard, Asst. Dist. Atty., Earl Taylor, Dist. Atty., for State of Louisiana.
Paula C. Marx, Crowley, for Marco Lastrapes.
Before WOODARD, AMY, and SULLIVAN, Judges.
SULLIVAN, Judge.
On April 19, 1998, Marco Lastrapes was charged by separate bills of information with one count of armed robbery and two counts of contributing to the delinquency of a juvenile, all of which occurred on February 12, 1998, and with two counts of armed robbery that occurred on January 30, 1998.[1] On April 17, 1998, Defendant was arraigned and pled not guilty to the January armed robberies. Defendant entered a plea of guilty on June 3, 1998 to the February armed robbery and two counts of contributing to the delinquency of a juvenile. At the same time, he changed his plea and pled guilty to one count of the January armed robberies; the other armed robbery count was dismissed.
On November 13, 1998, Defendant was sentenced on all charges. He was sentenced to twenty years at hard labor without benefit of probation, parole, or suspension of sentence for the February armed robbery and to two years at hard labor on each count of contributing to the delinquency of a juvenile. Defendant was sentenced to fifteen years at hard labor, without benefit of probation, parole, or suspension of sentence on the January armed robbery. The trial court ordered all sentences to run concurrently. Defendant appeals his sentences, alleging two assignments of error.

FACTS
On January 30, 1998, Defendant was involved in the armed robbery of A & B Quick Shop. Two other men actually robbed the store while the Defendant acted as a lookout and getaway driver. On February 12, 1998, Defendant, accompanied by two juveniles, committed armed robbery on another victim.

ERRORS PATENT
In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. Our review of the record, reveals several errors patent.
First, Defendant was arraigned on the two January armed robberies only. He was not arraigned on the February armed robbery nor the two counts of contributing to the delinquency of a juvenile. Any error in not arraigning Defendant on all counts was waived by Defendant when *226 he entered his guilty plea without objection thereto. La.Code Crim.P. art. 555.
Second, Defendant was advised of the wrong penalty range for contributing to the delinquency of a juvenile. This offense may be committed several different ways and carries different penalties, according to how the offense occurred. Defendant was charged under paragraph 11(a) of La.R.S. 14:92(A), which carries a penalty of two to ten years at hard labor or the sentence for the underlying felony committed, whichever is less. La.R.S. 14:92(E)(1). The underlying felony committed at the time of the contributing charges was armed robbery, which carries a penalty of five to ninety-nine years at hard labor without benefit of parole, probation, or suspension of sentence. During the guilty plea colloquy, the trial court incorrectly advised Defendant that the penalty for contributing to the delinquency of a juvenile was a fine of not more than $1,000.00 or imprisonment with or without hard labor for not more than two years, or both. Thus, Defendant was advised of the penalty under La.R.S. 14:92(E)(2), rather than (E)(1). Due to this error, Defendant was not adequately informed of the mandatory minimum penalty or the maximum possible penalty, as required by La.Code Crim.P. art. 556.1(A)(1). This error was harmless. The requirement is statutory, rather than constitutional, and Defendant did not allege any misunderstanding as to the sentence he received. State v. Longnon, 98-551 (La.App. 3 Cir. 10/28/98); 720 So.2d 825.
Third, the trial court's Boykinization of Defendant was faulty. Defendant was not addressed individually as to his waiver of the right to a jury trial and his right against self-incrimination. The transcript of the guilty plea reflects that the trial court addressed the seven individuals entering guilty pleas at that time as a group when it advised them of these rights. The group responded, "Yes, sir," in unison, when the trial court advised the group that they were giving up the right to a trial by jury and their right to remain silent by confessing to the crimes for which they were charged. Additionally, the trial court did not inform Defendant of his right to confront his accusers, as mandated by La.Code Crim.P. art. 556.1 and Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), and the record does not contain a guilty plea form wherein Defendant was advised of such right.
In State v. Godejohn, 425 So.2d 750 (La. 1983), the supreme court recognized as an error patent the trial court's failure to advise the defendant of his right to a jury trial, his right to confront his accusers, and his privilege against self-incrimination. The court vacated the defendant's plea, set aside his sentence, and remanded the case to the trial court for the defendant to plead anew. In accordance with Godejohn, we reverse Defendant's convictions and remand this case to the trial court for Defendant to plead anew. On remand, Defendant has the option of pleading guilty to the crimes charged or proceed to trial on the merits. If Defendant chooses to plead guilty, the sentence imposed may be no greater than the sentence originally imposed. See State v. Cook, 372 So.2d 1202 (La.1979).
The necessity of discussion of the assignments of error asserted by Defendant is pretermitted by our reversal and remand of this matter.
REVERSED AND REMANDED.
AMY, J., concurs in the result and assigns reasons.
AMY, J., concurring in the result.
In this appeal, the record does not establish that the requirements of La.Code Crim.P. art. 556.1 were satisfied at the time of the defendant's plea. Like the majority, I conclude that the record establishes that this statutory violation has constitutional implications in this case, i.e., the defendant's plea was not intelligently and *227 knowingly entered as contemplated by the United States Supreme Court in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). In particular, the record does not indicate that the defendant was informed of his right to confront one's accusers.
Additionally, I find another statutory violation that I believe has constitutional implications here. With regard to the contributing to the delinquency of a minor charges, the defendant was improperly advised by the trial court of the possible sentencing exposure attendant to that crime. See State v. Johnson, 95-626 (La. App. 3 Cir. 12/13/95); 666 So.2d 1137, writ denied, 96-0156 (La.4/19/96); 671 So.2d 925. The record demonstrates that the trial court advised the defendant that the type of offense with which he was charged was punishable by up to two years imprisonment rather than the actual range of two to ten years. He was subsequently sentenced to two years on each charge. In my opinion, knowledge of the sentence to which he is being exposed is important to the question of whether the defendant's plea was knowingly and intelligently entered. Although those sentences were imposed concurrently with the lengthier sentences for armed robbery and the defendant may not have been prejudiced to the extent that he may have under different facts, I find that this lack of accurate information, at the outset, factors into the determination to reverse on the basis of a constitutionally infirm plea. Therefore, I respectfully concur in the result reached by the majority.
NOTES
[1] For clarity, we will refer to the offenses by the month in which they occurred as "the January armed robbery(ies)."