|.CARTER, C.J.
Defendant, Betty Jo A Kreger, was charged with driving while intoxicated (DWI), third offense, a violation of LSA-R.S. 14:98 D She filed a motion to quash, arguirfg that the transcripts of the Boykin examinations in the predicate guilty pleas do not reflect that defendant specifically answered questions regarding the waiver of her rights. The trial court denied the motion to quash. Subsequently, defendant pled guilty, reserving her right to appeal pre-plea errors, pursuant to State v. Crosby, 338 So.2d 584 (La.1976). The trial court sentenced defendant to five years at hard labor, suspended four of those years and placed defendant on supervised probation for four years, with the special conditions that she pay a fine of $1,000.00[1] plus court costs, attend a substance abuse program and a driver’s improvement program, and use an interlock device if she drives while on probation. Defendant now appeals, arguing the trial court erred in denying the motion to quash the two predicate convictions.
The record does not contain any information as to the factual basis of the instant offense. The two DWI convictions which serve as predicates for the instant DWI offense are as follows: a 1994 guilty plea to DWI, first offense, in Slidell City Court, Docket No. 93KS3866, and a 1996 guilty plea to DWI, second offense, in Slidell City Court, Docket No. 95KS2167.
At the hearing on the motion to quash, the state introduced, regarding each predicate plea, the bill of information, the minute entry of the plea and a document signed by defendant and her attorney indicating defendant was advised of her right to an attorney, right to trial, right against self-incrimination, and her right to confrontation. The state also introduced transcripts of the proceedings in each guilty plea. The final exhibits, introduced jointly by the state and defendant, were the tape recordings of the proceedings of each predicate plea.
In denying the motion to quash, the judge referred to the documents submitted by the state and noted that defendant was represented by counsel at the time of both guilty pleas, that the transcripts of the colloquies in the en mass pleas indicate that the | .defendant affirmatively waived her rights, and that there was a signed waiver of rights form.
Defendant argues that the documents introduced by the state do not reflect an adequate Boykin procedure in the predicate pleas. She argues that the Slidell City Court’s procedure for recording the proceedings involved only the use of elec *1275 tronic taping and not the use of a court reporter simultaneously recording the proceedings. She contends that because her specific answers were not recorded and cannot be distinguished from those of the others pleading guilty, the state cannot show that she actually answered the questions of the trial judge.
The state contends that the documents introduced regarding the predicate convictions adequately show that defendant was advised of and waived her constitutional rights.
In order for a misdemeanor guilty plea to be used as a basis for actual imprisonment, enhancement of actual imprisonment, or conversion of a subsequent misdemeanor into a felony, the trial judge must inform the defendant that by pleading guilty she waives (a) her privilege against compulsory self-incrimination, (b) her right to trial and jury trial where it is applicable, and (c) her right to confront her accuser. The trial judge must also ascertain that the accused understands what the plea connotes and its consequences. State v. Longo, 560 So.2d 530, 531-32 (La.App. 1st Cir.1990).
The state has the burden to prove that the defendant’s plea was taken in compliance with Boykin's requirement that the defendant expressly and knowingly waived her rights when she entered her guilty plea to the predicate offenses. The state may rely upon either the transcript of the plea of guilty or the minute entry. While the colloquy between the judge and defendant is the preferred method of proof of a free and voluntary waiver, the colloquy is not indispensable when the record contains some other affirmative showing of proper waiver. Longo, 560 So.2d at 532.
A trial judge has a duty to determine that the defendant is expressly and knowingly waiving her constitutional rights in entering her plea. To satisfy the requirements of Boykin, there must be an affirmative showing in the record that the 14accused, at the time she entered her guilty plea, knowingly and voluntarily waived her constitutional privileges against self-incrimination, and of right to trial by jury and right to confront her accuser. Longo, 560 So.2d at 532.
In State v. Carlos, 98-1366, pp. 6-7 (La.7/7/99), 738 So.2d 556, 559, the Louisiana Supreme Court held that the burden-shifting principles established in State v. Shelton, 621 So.2d 769 (La.1993), are applicable to the recidivist provisions of the DWI statute. The court stated:
In Shelton, this [cjourt recognized that Boykin does not require that the entire burden be placed on the prosecution in a recidivism proceeding. Rather, the presumption of regularity that attaches to prior convictions encouraged us to revisit our previous system of placing the entire burden on the State to prove the validity of prior convictions. Consequently, we held that when a defendant denies the allegations contained in the bill of information in an habitual offender proceeding, the burden is on the State to prove the existence of the prior guilty pleas and that the defendant was represented by counsel when they were taken. If the State meets this initial burden, the defendant must produce affirmative evidence showing an infringement of his rights or a' procedural irregularity in the taking of the plea. If the defendant carries this burden, then the burden reverts to the State to prove the constitutionality of the plea. The State will meet this burden by producing a “perfect” transcript of the guilty plea colloquy. Anything less than a “perfect” transcript, such as a guilty plea form or minute entry, will require the trial judge to weigh the evidence submitted by both sides and determine whether the defendant’s Boykin rights were prejudiced. In Shelton, we held that the State carried its initial burden under the revised burden-shifting rules by producing a well-executed guilty plea/waiver of rights form and a minute entry which *1276 stated, inter alia, that the judge “gave the Defendant his rights.”
Carlos, 738 So.2d at 559 (citations and footnotes omitted).
A perfect transcript reflects a voluntary, informed, and articulated waiver of the three specific rights mentioned in Boykin. State v. Shelton, 621 So.2d at 775, n. 12.
Defendant cites the third circuit case of State v. Lastrapes, 99-83 (La.App. 3rd Cir.6/30/99), 743 So.2d 224, for her argument that when conducting a group Boykinization, the judge must ascertain a person’s specific answer on an individual basis. In Lastrapes, defendant’s conviction was reversed after the appellate court noted several errors patent during the Boykinization of a group, including the failure to inform the defendant of his right to confrontation. The court also found that the group Boykinization and the group’s affirmative responses in unison when asked if they waived their rights were faulty. Lastrapes, 743 So.2d at 226. However, in State v. Richard, 00-0659 (La.9/29/00), 769 So.2d 1177, (per curiam) the Louisiana Supreme |BCourt found that the personal and individual portions of the Boykin colloquy between the trial judge and the defendant placed the judge in a position to determine the knowing and voluntary nature of defendant’s waiver. The court also disapproved of Lastrapes to the extent that it conflicted with the views therein.
This court addressed a similar argument in State v. Fritcher, 95-0124, p. 4-6 (La.App. 1st Cir.4/4/96), 672 So.2d 295, 297-98. Defendant argued that a predicate plea could not be used because the plea was made without assistance of counsel and without a knowingly and intelligent waiver of the right to counsel. This court reviewed the transcript of the mass Boykini-zation and found that the judge initially began the colloquy by asking defendant direct questions about his general competency. The judge then advised the defendants as a group of their right to counsel and asked if anyone wanted a lawyer. The transcript indicated that “[a]ll defendants responded in the negative.” Next, the judge informed the group of their other constitutional rights and that by pleading guilty, they were waiving those rights. When asked by the judge, “Is everyone with me?” they all responded in the affirmative or had no response. Prior to accepting the pleas, the judge asked if each person wished to waive and give up his or her rights. The group, including defendant, responded in the affirmative. In Fritcher, we affirmed the denial of the motion to quash and concluded that the trial judge was able to assess defendant’s demeanor and whether defendant’s waiver was knowingly and intelligently made. Fritcher, 672 So.2d at 298.
Herein, the state provided minute entries as to both predicate pleas. Each minute entry specifically indicates that the trial court advised defendant of her right to trial, right against self-incrimination and her right to confrontation. We agree with defendant that the minute entry for the 1994 conviction does refer to defendant in the masculine gender. Attached to each minute entry was a document signed by defendant and her attorney expressly advising defendant of the same rights and stating that defendant understood each constitutional right. The state also filed into the record a transcript of the tape-recorded proceedings at the time of each plea and the tapes of those proceedings. The transcripts indicate that a group Boykinization was conducted for several people pleading guilty and, at the time of both predicate pleas, defendant Instated her name, age and educational level. At each proceeding, the judge inquired of the group, including defendant, whether they could read, write and understand the English language, if they had spoken with their attorney and if the attorney had explained their rights. The transcript further indicates that the judge informed the group of the triad of constitutional rights and asked if each person waived those *1277 rights. All responses to these questions were in the affirmative. Additionally, at the 1994 plea, the court asked if anyone wanted to reserve their rights. All responses were negative. Furthermore, both transcripts further indicate that defendant expressly stated on the record that she was pleading guilty to the charged offense.
Because the minute entries for each predicate conviction indicate the existence of the guilty plea and that defendant was represented by counsel, the state met its initial burden of proof under Carlos. We note that the state went further and introduced transcripts of the two predicate proceedings. Defendant then had to produce affirmative evidence showing an infringement of her rights or a procedural irregularity in the taking of the plea.
The only evidence introduced by defendant was the joint exhibit consisting of the tapes of the predicate proceedings. Defendant does not argue that these tapes show that she said or did anything to indicate she did not wish to waive her rights and plead guilty. Moreover, the transcripts indicate, as in Fritcher, affirmative responses when asked if she understood and waived her rights. After reviewing the evidence, we believe that the state met its initial burden and defendant did not produce evidence that showed an infringement of her rights or a procedural irregularity in the taking of the pleas.
Thus, we find no error in the trial court’s denial of the motion to quash.
ERROR PATENT
We note that the trial judge imposed a fine of $1,000.00 and that the statute provides for the mandatory imposition of a $2,000.00 fine upon a conviction of DWI, third offense. LSA-R.S. 14:98 D. However, this court will not correct the sentence as the error is in the defendant’s favor and the state has not appealed the illegal sentence. See State v. Fraser, 484 So.2d 122, 124-25 (La.1986).
| .CONCLUSION
For the reasons set forth in this opinion, the defendant’s conviction and sentence are affirmed.
CONVICTION AND SENTENCE AFFIRMED.

. See Error Patent discussion.