NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

08-788


STATE OF LOUISIANA

VERSUS

CLIFFORD GAIL HOLLOWAY, JR.


**********

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 289,050
HONORABLE JOHN C. DAVIDSON, DISTRICT JUDGE

**********

ELIZABETH A. PICKETT
JUDGE

**********

Court composed of Michael G. Sullivan, Elizabeth A. Pickett, and Chris J. Roy, Sr.,[*] Judges.

SENTENCE VACATED AND REMANDED FOR RESENTENCING.


James C. Downs
District Attorney - 9th JDC
701 Murray Street
Alexandria, LA 71301
(318) 473-6650
Counsel for Appellee:
State of Louisiana

---

[*]Honorable Chris J. Roy, Sr., participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.

**Carey J. Ellis  III**
**Louisiana Appellate Project**
**707 Julia St.**
**Rayville, LA 71269**
**(318) 728-2043**
**Counsel for Defendant-Appellant:**
**Clifford Gail Holloway, Jr.**

**PICKETT, Judge.**

## FACTS

On October 15, 2007, the state charged the defendant, Clifford Gail Holloway, Jr., with one count of fifth offense operating a vehicle while intoxicated ("DWI"), in violation of La.R.S. 14:98. In accordance with a plea agreement on March 12, 2008, the defendant pled guilty, in a "best interest" or *Alford* plea, to fourth offense DWI.

The plea agreement consisted of the state's agreement to dismiss charges pending in three docket numbers and the defendant's agreement to waive his right to appeal his conviction. Under his plea agreement, the defendant retained his right to seek reconsideration of and appeal his sentence.

After determining the extent of the plea agreement, the sentencing court ordered the defendant to serve thirty years at hard labor and to pay a $5,000 fine plus court costs by March 12, 2008. The district court set forth that, in default of payment of the fine and court costs, the defendant would serve one year imprisonment to run concurrently with the thirty-year penalty. The trial court then ruled that the first sixty days of the defendant's sentence were to be served without benefit of probation, parole, or suspension of sentence.

On March 12, 2008, the defendant filed a motion to reconsider his sentence, claiming it was constitutionally excessive. The sentencing court, on March 31, 2008, held a reconsideration of sentence hearing. At the hearing, defense counsel argued his client's penalty should be reduced because the district court imposed the maximum possible sentence without specifically articulating the reasons therefor. The state countered that the defendant had pled guilty to fourth offense, but he had

1

been charged with fifth offense. After listening to argument by counsel, the trial court denied the motion to reconsider.

The defendant now appeals his sentence.

## ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed by this court for errors patent on the face of the record. After reviewing the record, we find no errors patent.

## DISCUSSION

The state gave the following factual basis for the defendant's guilty plea:

Defendant was stopped on 6-26 of last year by Officer Mouliere for a, ah, routine traffic offense. There was no accident or anything like that. Officer Mouliere observed, ah, a vehicle that was straddling the white line at a, a green light, but didn't move the vehicle, ah, for about ten seconds. But after Officer Mouliere got the vehicle, ah, stopped ultimately, he turned the case over to, ah, Officer Alford, and Officer Alford then, ah, determined that the Defendant was in fact impaired, ah, took the Defendant to the station. He took a breath test - - I think the reading on that was like point oh two one, or something - - ah, and in addition to that the Defendant admitted that he had been taking, ah, Soma and hydrocodone, and admitted to Officer Alford that he was in fact impaired. And that would be the, the prima facie evidence, Judge[.]

The defendant asserts, "The sentence of thirty years at hard labor imposed for the defendant's guilty plea to driving while intoxicated, fourth offense, constitutes an excessive sentence in this particular proceeding." The defendant concedes he has a prior criminal history of driving while intoxicated. The defendant alleges he was thirty-seven years old at the time of his guilty plea and sentencing. The defendant complains that nothing was mentioned at sentencing regarding the defendant's family ties, martial status, employment, or any other La.Code Crim.P. art. 894.1 factors. The defendant urges that the maximum sentence is excessive in this case in light of his

taking responsibility for the offense and the district court's failure to enunciate reasons for the penalty it imposed.

The state responds that after the defendant's arrest in the instant case for fifth offense DWI, the defendant was arrested three weeks later for another fifth offense DWI. The state adds it dismissed the charges for the second fifth offense DWI pursuant to its plea agreement with the defendant. The state then alleges the defendant did not plead guilty without knowledge of the sentence he would receive; the defendant had been fully informed that the sentencing court intended to impose a thirty-year penalty.

The state, in its brief, describes in some detail the defendant's extensive criminal history, which includes arrests for negligent homicide, criminal non-support of family, and theft, as well as numerous arrests for drug and alcohol offenses; these charges were subsequently dismissed or not prosecuted. As listed by the state, the defendant's criminal history also includes four convictions for first offense DWI.[1]

The sentencing court has broad discretion in imposing penalties for criminal convictions:

> A sentence which falls within the statutory limits may be excessive under certain circumstances. To constitute an excessive sentence, this Court must find that the penalty is so grossly disproportionate to the severity of the crime as to shock our sense of justice or that the sentence makes no reasonable contribution to acceptable penal goals and therefore, is nothing more than the needless imposition of pain and suffering. The trial judge has broad discretion, and a reviewing court may not set sentences aside absent a manifest abuse of discretion.

*State v. Guzman*, 99-1753, p. 15 (La. 5/16/00), 769 So.2d 1158, 1167 (citations omitted). "The relevant question is whether the trial court abused its broad sentencing

---

[1]The bill of information charging the defendant with fifth offense DWI lists the four first offense DWI convictions as the predicate offenses.

3

discretion, not whether another sentence might have been more appropriate." *State v. Barling*, 00-1241, 01-1591, p. 12 (La.App. 3 Cir. 1/31/01), 779 So.2d 1035, 1042, *writ denied*, 01-838 (La. 2/1/02), 808 So.2d 331.

Louisiana Revised Statutes 14:98(E)(1)(a) sets forth the sentencing range for fourth or greater offense DWI:

> [T]he offender shall be imprisoned with or without hard labor for not less than ten years nor more than thirty years and shall be fined five thousand dollars. Sixty days of the sentence of imprisonment shall be imposed without benefit of probation, parole, or suspension of sentence. The court, in its discretion, may suspend all or any part of the remainder of the sentence of imprisonment.

Therefore, although within the statutory sentencing range, the defendant's sentence is the maximum penalty allowable under the DWI statute. The sentencing provisions for a fourth offense DWI are the same as those for fifth offense. La.R.S. 14:98(E).

> In deciding whether a sentence is shocking or makes no meaningful contribution to acceptable penal goals, an appellate court may consider several factors including the nature of the offense, the circumstances of the offender, the legislative purpose behind the punishment and a comparison of the sentences imposed for similar crimes. While a comparison of sentences imposed for similar crimes may provide some insight, "it is well settled that sentences must be individualized to the particular offender and to the particular offense committed." Additionally, it is within the purview of the trial court to particularize the sentence because the trial judge "remains in the best position to assess the aggravating and mitigating circumstances presented by each case."

*State v. Smith*, 02-719, p. 4 (La.App. 3 Cir. 2/12/03), 846 So.2d 786, 789, *writ denied*, 03-562 (La. 5/30/03), 845 So.2d 1061 (citations omitted). This court has held that maximum sentences are reserved for the worst offenders. *State v. Demouchet*, 07-92 (La.App. 3 Cir. 10/31/07), 970 So.2d 674. *See also State v. Lathers*, 444 So.2d 96, 100 (La.1983), (quoting *State v. Everett*, 432 So.2d 250, 252 (La.1983), for the

premise "the maximum penalty 'is ordinarily reserved only for the worst kind of offense and the worst kind of offender.'").

An appellate court reviewing a sentence may consider the record of the case, including "any evidence or relevant information introduced at preliminary hearings, hearings on motions, arraignments, or sentencing proceedings, and any relevant information included in a presentence investigation report filed into the record at sentencing." La.Code Crim.P. art. 881.3. Notably, other than the four prior convictions and the concurrent charge, the record before this court contains no reference to the extensive criminal history mentioned in the state's brief. Therefore, the defendant's arrest record, other than the four predicate offenses and the concurrent fifth offense DWI, cannot be considered in determining whether his sentence is constitutionally excessive.

As alleged by the state, the defendant was apparently aware he would be receiving a thirty-year sentence. Section seven of the "Plea of Guilty and Waiver of Rights" form states, "In exchange for my plea of guilty, I understand that I am to receive the following sentence." The handwritten notation, "See Sentencing Sheet," appears on the lines immediately below. The document entitled "DWI Fourth Sentencing Sheet" and signed by the defendant sets forth "30 years (at hard labor with the Louisiana Department of Corrections/Parish Prison) and pay a fine of $5,000.00, plus costs (default 1 year parish prison/pay by 3-12-08)."

Moreover, immediately after sentencing the defendant, the district court asked him, "Is that the sentence you expected to receive?" At that time, the defendant replied, "Yes." However, at no time did any party indicate the sentence was "bargained for." Notably, the defendant reserved his right to appeal his sentence.

At the reconsideration hearing, the prosecutor indicated all parties concerned, including the trial court, had been involved in the pre-plea discussions regarding the defendant's sentence:

> BY MR. BREEDLOVE: Judge, ah, ah, Your Honor thought about it long and hard. I talked about it with Your Honor; I talked about it with Tommy. Tommy talked about it with Your Honor, he talked about it with me, ah, we talked about it with his client. We talked about it with everybody. I know Your Honor did not reached [sic] that sentence lightly. It was not a sentence that I necessarily would have asked for, but it was the sentence that Your Honor decided to give, and I, I'm not su . . . I can't say that it wasn't the right thing. Ah, and in consideration of him getting that particular sentence, on that particular day, to a, a fifth offense DWI - - he actually plead to a fourth - - I had another one waitin' in the wings, sitting there in the offing, that, . . . in consideration of his plea, I agreed, and did, ah, to no case.

(First ellipsis original.)

In *State v. Ladner*, 619 So.2d 1144 (La.App. 1 Cir.), *writ denied*, 625 So.2d 1059 (La.1993), the first circuit affirmed a twenty-year hard labor sentence for fourth offense DWI. The sentencing court reviewed a presentence investigation report, finding the defendant had (1) a lengthy record of misdemeanor arrests and convictions as well as three predicate DWI convictions, (2) no provocation to justify the offense, (3) not responded to probationary treatment in the past, (4) failed to seek treatment for his alcoholism, (5) been lucky not to injure or kill someone, and (6) demonstrated a need for correctional treatment. Finally, the district court concluded that a lesser sentence would deprecate the seriousness of the offense.

In *State v. Edwards*, 591 So.2d 748 (La.App. 1 Cir. 1991), *writ denied*, 94-452 (La. 6/21/96), 675 So.2d 1072, the first circuit affirmed a twenty-four-year hard labor sentence for a fourth offender. The trial court found that this had been the defendant's eighth such conviction, that he had been arrested for twenty-six different crimes, that

6

the forty-year-old defendant continued to deny culpability for his crimes, and that the defendant had no remorse.

In *State v. Davis*, 588 So.2d 1234 (La.App. 1 Cir. 1991), the first circuit affirmed a twenty-five-year sentence for a defendant convicted of fourth offense DWI:

> A review of the record in this case reveals that, when the trial court imposed sentence on March 7, 1990, it carefully particularized the sentence, considering mitigating and aggravating factors as set forth in LSA-C.Cr.P. art. 894.1. Defendant, who was 33 years old, testified that he had been convicted of DWI eight times over an approximate eight-year period beginning in 1980 or 1981. In its reasons for sentencing, the trial court noted this admission and also noted that defendant was arrested for this offense about two weeks after he began serving a three-year probationary sentence for a third offense DWI conviction. In this context, the court concluded that there was an undue risk that during any period of suspended sentence and probation defendant would commit another crime, that defendant was in need of correctional treatment or a custodial environment most effectively provided by commitment to a correctional institution, and that a lesser sentence would deprecate the seriousness of the instant offense.
>
> We cannot say that this sentence is excessive under these facts. The record reflects that the trial court fully and carefully considered the range of sentencing alternatives and individualized the sentence to this defendant for the crime involved.

*Id.* at 1238-39.

There was a great deal more negative information in the record against the defendants in *Ladner*, *Edwards*, and *Davis* than against the defendant, whose record is nearly silent of any evidence additional to the bare facts in the case. Neither *Ladner*, *Edwards*, nor *Davis* was given the maximum penalty. Moreover, significantly, the sentencing court in the instant case completely failed to particularize the defendant's sentence. The district court failed to articulate any reasons for the sentence imposed and failed to review any relevant aggravating or mitigating factors considered by the court. Considering the extremely limited evidence this court has to

review and the complete failure of the trial court to articulate reasons that would establish the basis for the trial court's imposition of the maximum sentence, we find the defendant's sentence to be constitutionally excessive as there is no evidence the defendant is the worst type of offender.

## CONCLUSION

The defendant's sentence is hereby vacated, and this matter is remanded to the trial court for resentencing.

**SENTENCE VACATED AND REMANDED FOR RESENTENCING.**