PER CURIAM:
In State v. Lewis, No. 58,774, decided by this Court on March 9, 1977, this defendant’s conviction was affirmed, but the sentence was vacated and set aside and the case remanded to the trial court for resentencing. State v. Lewis, 343 So.2d 732 (La.1977). Subsequently the defendant was brought before the trial court and resen-tenced to twenty-five years at hard labor in the custody of the Department of Corrections without eligibility for probation, parole or suspension of sentence. A new appeal was then entered on behalf of the defendant. Defendant does have a right to appeal from the imposition of the new sentence. La.Const., Art. 5, § 5(D)(2X1974); La.C.Cr.P. art. 912.1. However, defendant’s conviction had already been affirmed and the judgment therein was final fourteen days after its rendition upon the failure of defendant to file an application for a rehearing. La.C.Cr.P. art. 922. Any additional issues defendant wishes to raise in connection with his conviction, including an argument relative to effective assistance of counsel, must be brought to the attention of the courts by application for writs of habe-as corpus. See State v. Ross, 343 So.2d 722 (La.1977); State v. Mouton, 327 So.2d 413 (La.1976).
As the sentence imposed upon the defendant is a legal one for the offense of armed robbery, La.R.S. 14:64, the sentence is affirmed.