**NOT FOR PUBLICATION**

STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NO. 2021 KA 0521

STATE OF LOUISIANA

VERSUS

KYRAN JAVON VAUGHN

Judgment Rendered: **DEC 3 0 2021**

* * * * *

On Appeal from the
22nd Judicial District Court
In and for the Parish of St. Tammany
State of Louisiana
Trial Court No. 581744

Honorable Raymond S. Childress, Judge Presiding

* * * * *

<table>
<tr><td>Warren LeDoux Montgomery<br>District Attorney<br>Matthew Caplan<br>Assistant District Attorney<br>Covington, LA</td><td>Attorneys for Appellee,<br>State of Louisiana</td></tr>
<tr><td>Marcus J. Plaisance<br>Mark D. Plaisance<br>Prairieville, LA</td><td>Attorneys for Defendant-Appellant,<br>Kyran Javon Vaughn</td></tr>
</table>

* * * * *

BEFORE: WHIPPLE, C.J., CHUTZ, AND HESTER, JJ.

**HESTER, J.**

The defendant, Kyran Javon Vaughn, was charged by bill of information with armed robbery with a firearm, a violation of La. R.S. 14:64 and La. R.S. 14:64.3, and obstruction of justice, a violation of La. R.S. 14:130.1. Following a trial on the matter, the defendant was found guilty of the responsive offense of first degree robbery, a violation of La. R.S. 14:64.1, and guilty as charged on obstruction of justice. Both convictions were by ten-to-two verdicts. The defendant was adjudicated a second-felony habitual offender. Enhancing the first degree robbery sentence, the trial court sentenced the defendant on that count to twenty years imprisonment at hard labor. For the obstruction of justice conviction, the trial court sentenced the defendant to ten years imprisonment at hard labor. The trial court ordered the sentences to run concurrently.

The defendant appealed, and this court affirmed the convictions, habitual offender adjudications, and sentences. The defendant applied to the Louisiana Supreme Court for a writ of certiorari, challenging his convictions and sentences. The Supreme Court granted the writ application in part by vacating the habitual offender sentence and remanding for resentencing in light of **State v. Lyles**, 2019-00203 (La. 10/22/19), 286 So.3d 407 (per curiam), and otherwise denied the application. See **State v. Vaughn**, 2018-0344 (La. App. 1st Cir. 9/24/18), 259 So.3d 1048, writ granted in part for resentencing, otherwise denied, 2018-01750 (La. 11/25/19), 283 So.3d 494. On the enhanced twenty-year sentence, the trial court resentenced the defendant to eighteen years imprisonment at hard labor. The defendant filed a motion to reconsider sentence and, following a hearing on the matter, the motion was denied. The defendant now appeals, designating two assignments of error. We vacate both convictions, the habitual offender adjudication, and the sentences.

2

## ASSIGNMENT OF ERROR NO. 1

In his first assignment of error, the defendant argues that since his resentencing was not final at the time **Ramos v. Louisiana**, __ U.S. __, 140 S.Ct. 1390, 206 L.Ed.2d 583 (2020), was decided, his convictions and sentences must be set aside since he was convicted by ten-to-two verdicts. According to the defendant, his case is still pending on direct review.

In **Ramos**, __ U.S. at __, 140 S.Ct. at 1397, the United States Supreme Court abrogated **Apodaca v. Oregon**,[1] 406 U.S. 404, 92 S.Ct. 1628, 32 L.Ed.2d 184 (1972), and held that the right to a jury trial under the Sixth Amendment of the United States Constitution, incorporated against the States by way of the Fourteenth Amendment of the United States Constitution, requires a unanimous verdict to convict a defendant of a serious offense. The **Ramos** Court further noted that its ruling applied to those defendants convicted of felonies by non-unanimous verdicts whose cases are still pending on *direct appeal*. **Ramos**, __ U.S. at __, 140 S.Ct. at 1406-08.

In **Griffith v. Kentucky**, 479 U.S. 314, 321 n.6, 107 S.Ct. 708, 712 n.6, 93 L.Ed.2d 649 (1987), citing **United States v. Johnson**, 457 U.S. 537, 542 n.8, 102 S.Ct. 2579, 2583 n.8, 73 L.Ed.2d 202 (1982), the United States Supreme Court stated that a final conviction, as opposed to a criminal case still pending on direct review, was "a case in which a judgment of conviction has been rendered, the availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." See **State v. Jackson**, 480 So.2d 263, 268-69 (La. 1985), overruled on other grounds, **State v. Sanders**, 523 So.2d 209, 211-12 (La. 1988)

---

[1] Oregon's non-unanimous jury verdict provision of its state constitution was challenged in **Apodaca**. **Johnson v. Louisiana**, 406 U.S. 356, 92 S.Ct. 1620, 32 L.Ed.2d 152 (1972), decided with **Apodaca**, upheld Louisiana's then-existing constitutional and statutory provisions allowing nine-to-three jury verdicts.

(indicating that cases pending on direct review included "convictions which have not become final upon first appellate review.").

Additionally, in **State v. Lewis**, 350 So.2d 1197 (La. 1977) (per curiam), Lewis was convicted and sentenced and, on appeal, the Louisiana Supreme Court affirmed his conviction, but vacated and set aside his sentence. The Supreme Court remanded the case to the trial court for resentencing. After his resentencing, Lewis filed an appeal. In its ruling in the new appeal, the Supreme Court stated as follows:

> Defendant does have a right to appeal from the imposition of the new sentence. However, defendant's conviction had already been affirmed and the judgment therein was final fourteen days after its rendition upon the failure of defendant to file an application for a rehearing. Any additional issues defendant wishes to raise in connection with his conviction, including an argument relative to effective assistance of counsel, must be brought to the attention of the courts by application for writs of habeas corpus.

**Id**. at 1198. (Citations omitted.) See also **State v. Kelly**, 2012-1197 (La. App. 1st Cir. 4/1/13), 2013 WL 1300731, *1 n.4 (unpublished), writ denied, 2013-1332 (La. 11/8/13), 125 So.3d 450 (finding defendant's conviction final when the Louisiana Supreme Court denied defendant's writ application and noting that allegations related to the validity of the conviction should have been raised in the first appeal in which the conviction was still at issue and not on appeal of the resentencing).

In this case, the defendant's convictions, habitual offender adjudications, and sentences were affirmed by this court on September 24, 2018. See **Vaughn**, 259 So.3d at 1063. On October 24, 2018, the defendant timely applied to our Supreme Court for a writ of certiorari, challenging his convictions and sentences. See La. Code Crim. P. art. 922. On November 25, 2019, the Supreme Court denied the writ application with respect to the defendant's convictions and habitual offender adjudications, but remanded for resentencing in light of **Lyles**, 268 So.3d 407.[2] See

---

[2] While not specifically addressed in its remand language in **Vaughn**, 283 So.3d 494, it is clear the supreme court found that the defendant had been sentenced under the wrong provision of the Habitual Offender Law and was entitled to resentencing under the more ameliorative provision enacted by the November 1, 2017 amendment to the Habitual Offender Law, as discussed in **Lyles**.

4

**State v. Vaughn**, 2018-01750 (La. 11/25/19), 283 So.3d 494. The defendant's convictions became final fourteen days later on December 9, 2019 upon his failure to file an application for rehearing. See **Lewis**, 350 So.2d at 1198. However, only the defendant's convictions in this matter were final prior to the **Ramos** decision rendered on April 20, 2020. The defendant's sentences had not yet reached finality, as the defendant was not resentenced by the trial court until August 31, 2020, which is contrasted with **State v. Brown**, 2019-370 (La. App. 5th Cir. 1/15/20), 289 So.3d 1179, writ denied, 2020-00276 (La. 6/22/20), 297 So.3d 721, cert. denied, __ U.S. __, 141 S.Ct. 1396, 209 L.Ed.2d 133 (2021) and **State v. Sewell**, 53,571 (La. App. 2nd Cir. 11/18/20), 307 So.3d 362.

In **Brown**, the defendant's conviction and sentence were affirmed on appeal in 1997. After being granted a new sentencing hearing under **Miller** and **Montgomery**,[3] Brown was resentenced and appealed his new sentence. The Fifth Circuit Court of Appeal found that, although the defendant was resentenced pursuant to **Miller** and legitimately exercised his right to appeal that resentencing, his subsequent resentencing did not allow him the opportunity to challenge his previously affirmed convictions. **Brown**, 289 So.3d at 1181-82, 1187.

In **Sewell**, the defendant's conviction and sentence became final in 2003. However, on motion to correct an illegal sentence pursuant to the 2001 amendments to La. R.S. 15:529.1, La. R.S. 15:308, and **State ex rel. Esteen v. State**, 2016-0949 (La. 1/30/18), 239 So.3d 233 (per curiam), Sewell was resentenced and appealed, arguing that the non-unanimous jury issue was properly before the court and that the matter was on direct review due to his resentence on November 13, 2019. The Second Circuit Court of Appeal, however, determined that the trial court's

---

[3] In **Montgomery v. Louisiana**, 577 U.S. 190, 212, 136 S.Ct. 718, 736, 193 L.Ed.2d 599 (2016), the United States Supreme Court held that **Miller v. Alabama**, 567 U.S. 460, 465, 132 S.Ct. 2455, 2460, 183 L.Ed.2d 407 (2012), announced a new substantive constitutional rule that was retroactive on state collateral review.

reconsideration of Sewell's life sentence in light of **Esteen** was limited and did not include reconsideration of any issues regarding his conviction. Therefore, it was only Sewell's resentencing that was pending on review when **Ramos** was decided, not Sewell's conviction, which remained final. **Sewell**, 307 So.3d at 364-66, 368-69.

In the recent decision of **State v. Bryant**, 53,321 (La. App. 2nd Cir. 9/1/21), 326 So.3d 967 ("**Bryant III**"), Bryant was convicted of armed robbery and attempted aggravated rape by non-unanimous jury verdicts, adjudicated a third-felony habitual offender, and sentenced to life imprisonment. However, Bryant appealed, and the Second Circuit Court of Appeal vacated his habitual offender adjudication and sentence and remanded the matter for resentencing. **State v. Bryant**, 52,743 (La. App. 2nd Cir. 6/26/19), 277 So.3d 874, writ denied, 2019-01320 (La. 10/8/19), 280 So.3d 171 ("**Bryant I**"). On remand, Bryant was adjudicated a second-felony habitual offender and resentenced. Bryant then filed a motion to reconsider sentence, which was denied. Bryant appealed his sentences, contending they were unconstitutionally excessive. The Second Circuit affirmed his sentences, and the Louisiana Supreme Court denied Bryant's writ. **State v. Bryant**, 53,321 (La. App. 2nd Cir. 3/4/20), 293 So.3d 701, writ denied, 2020-00611 (La. 11/10/20), 303 So.3d 1044 ("**Bryant II**").

The **Ramos** decision was handed down on April 20, 2020, prior to the Louisiana Supreme Court's November 10, 2020 denial of Bryant's writ seeking review of his sentences. Thereafter, Bryant petitioned the United States Supreme Court for a writ of certiorari. As later described by the Second Circuit, Bryant "maintained that his case was not final when **Ramos** was rendered," and "[i]n response, the Caddo Parish District Attorney conceded that Bryant was entitled to a new trial because each conviction was rendered by a 10-2 vote and his case remained on direct appeal when **Ramos** was rendered." **Bryant III**, 326 So.3d at 969. On

June 28, 2021, the Supreme Court granted Bryant's petition, vacated the judgment, and remanded the matter to the Second Circuit for further consideration in light of **Ramos**. **Bryant v. Louisiana,** \_\_U.S. \_\_, 141 S.Ct. 2847, \_\_ L.Ed.2d \_\_ (2021).

On remand from the United States Supreme Court, the Second Circuit observed that the minutes and the trial transcript showed that Bryant was convicted by a non-unanimous jury on both charges. The court then concluded, without explanation, that the "matter was still on direct review when **Ramos** was rendered" and did not discuss the finality of Bryant's convictions. **Bryant III**, 326 So.3d at 969. The Second Circuit found that Bryant was entitled to a new trial and vacated his armed robbery and attempted aggravated rape convictions, as well as his habitual offender adjudication and sentences. **Id.**

In this case, the defendant's sentence was not final when **Ramos** was handed down. In fact, the defendant was not even resentenced until August 31, 2020, more than four months after the decision in **Ramos**. Presently, the defendant appeals to this court, arguing his eighteen-year sentence as a second-felony habitual offender is excessive. While the defendant in **Bryant III** had been resentenced and his sentences were affirmed by the Second Circuit a month before the **Ramos** decision, the Louisiana Supreme Court did not deny writs until November 10, 2020. Thus, before Bryant's sentences became final, **Ramos** had been handed down.

We note that the district attorney in **Bryant III** conceded that Bryant was entitled to a new trial, and we acknowledge that the district attorney in this case did not make any similar concessions; rather, the district attorney here argues that the date the defendant's conviction, not his sentence, became final is the operative date in evaluating the applicability of **Ramos**.[4] Nevertheless, based on the United States Supreme Court's recent decision to vacate the judgment and remand the matter in

---

[4] **Bryant III** differs from prior case law focusing only on the date a defendant's conviction becomes final.

**Bryant v. Louisiana** and considering the Second Circuit's subsequent decision in **Bryant III**, we are constrained to find that the defendant's case remained on direct appeal at the time **Ramos** was rendered. Accordingly, both of the defendant's convictions are vacated, and the defendant is entitled to a new trial on both counts. Further, the defendant's habitual offender adjudication and sentences are vacated.

## ASSIGNMENT OF ERROR NO. 2

In his second counseled assignment of error, the defendant argues that his eighteen-year sentence is excessive. However, this assignment of error is moot, as the eighteen-year sentence has been vacated.

**CONVICTIONS, HABITUAL OFFENDER ADJUDICATION, AND SENTENCES VACATED; REMANDED TO THE TRIAL COURT FOR FURTHER PROCEEDINGS.**